# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| 1. AIMEE MARIE BOCK, | ) | |
| 3. SALIM AHMED SAID, | ) | |
| 4. ABDULKADIR NUR SALAH, and | ) | |
| 6. ABDI NUR SALAH, | ) | |
| | ) | |
| Defendants. | ) | |

The United States, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Matthew S. Ebert, Harry M. Jacobs, and Daniel W. Bobier, Assistant United States Attorneys, and the defendants, Aimee Marie Bock, Salim Ahmed Said, Abdulkadir Nur Salah, and Abdi Nur Salah, by and through their undersigned counsel, hereby request that the Court use the attached proposed jury instructions in the above-captioned case. The parties reserve the right to submit additional proposed instructions.

Dated: January 10, 2025

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

BY: _/s/ Joseph H. Thompson_
JOSEPH H. THOMPSON
MATTHEW S. EBERT
HARRY M. JACOBS
DANIEL W. BOBIER
Assistant United States Attorneys


_/s/ Kenneth U. Udoibok_
Kenneth U. Udoibok
Counsel for Aimee Marie Bock

_/s/ Michael J. Colich_
Michael J. Colich
Adrian Scott LaFavor-Montez
Counsel for Salim Ahmed Said


_/s/ Surya Saxena_
Surya Saxena
Nicholas Scheiner
Counsel for Abdulkadir Nur Salah

_/s/ Brian N. Toder_
Brian N. Toder
Counsel for Abdi Nur Salah

# INSTRUCTIONS TO BE GIVEN AT THE BEGINNING OF TRIAL

# JURY INSTRUCTION NO. <u>1</u>

<u>Introduction</u>

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial, I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

You must leave your cell phone, PDA, Blackberry, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate.  It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendants by the United States. The defendants are collectively charged with thirty-two crimes: one count of Wire Fraud Conspiracy; nine counts of Wire Fraud; one count of Conspiracy to Commit Federal Programs Bribery; thirteen counts of Federal Programs Bribery; one count of Conspiracy to Commit Concealment Money Laundering; seven counts of Engaging in Monetary Transactions in Property Derived from Unlawful Activity. Those charges are set forth in what is called an indictment [which reads as follows]. [[*The parties jointly propose that the Court provide a brief summary here, instead of reading the*

*indictment verbatim. The Defendants Object to the Court Reading the Indictment as filed.*]]

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The defendants have pleaded not guilty and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

[[GOVERNMENT'S PROPOSED INSTRUCTION:  It will be your duty to decide from the evidence whether the defendants are guilty or not guilty of the crime charged.]]

[[DEFENDANTS' PROPOSAL: It will be your duty to decide from the evidence whether the United States has proved the defendants guilty beyond a reasonable doubt of any of the charges, or if they are not guilty of the each of crimes charged.]]

From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not.  You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only the defendants, not anyone else, are on trial, and that the defendants are on trial only for the crimes charged, not for anything else.[1]

---

[1] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.01 (2023).

# JURY INSTRUCTION NO. <u>2</u>

## <u>Elements of the Offense – Preliminary</u>

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the United States must prove beyond a reasonable doubt to make its case. I will provide you with more detailed instructions regarding the elements of the charged offense before you deliberate.

### *Wire Fraud Conspiracy*

The crime of Wire Fraud Conspiracy, as charged in Count 1 of the indictment, has four elements:

*One*, two or more people reached an agreement to commit the crime of wire fraud (I will provide you the elements of the crime of wire fraud in a few moments);

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

If all the elements for Conspiracy to Commit Wire Fraud for Count 1 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of

the crime charged under that count.[2]

**Wire Fraud**

The crime of Wire Fraud, as charged in Counts 2-6, 8, and 12-14 of the indictment, has three elements:

*One*, the defendant voluntarily and intentionally devised or made up a scheme to defraud, or participated in a scheme to defraud with knowledge of the scheme's fraudulent nature, another out of money or property by means of material false representations or promises;

*Two*, the defendant acted with the intent to defraud;

*Three*, the defendant used, or caused to be used, an interstate wire communication, that is, an e-mail or a wire transfer of funds, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

If all the elements for Wire Fraud for Counts 2-6, 8, and 12-14 have been proved beyond a reasonable doubt for the count you are considering, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[3]

**Conspiracy to Commit Federal Programs Bribery**

The crime of Conspiracy to Commit Federal Programs Bribery, as charged in Count 15 of the indictment, has four elements:

---

[2] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1343. 5.06A-1 (2023).

[3] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1343 (2023).

*One*, two or more people reached an agreement to commit the crime of federal programs bribery (I will provide you the elements of the crime of federal programs bribery in a moment);

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

If all the elements for Conspiracy to Commit Federal Programs Bribery for Count 13 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[4]

[[GOVERNMENT'S PROPOSED INSTRUCTIONS:

**Federal Programs Bribery (Giving or Agreeing to Give a Bribe)**

The crime of Federal Programs Bribery, as charged in Counts 16-20, 22, 24, 32, 34, 36-38, and 40 of the indictment, has four elements:

*One*, Aimee Bock and/or Abdikerm Eidleh acted as agents of Feeding Our Future;

---

[4] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C, 5.06A-1 (2023).

*Two*, the defendant corruptly offered, gave, or agreed to give money or something of value to Aimee Bock and/or Abdikerm Eidleh in connection with Feeding Our Future sponsoring or continuing to sponsor the defendant and/or the defendant's co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the offer, payment, or the agreement to make the payment occurred before an official act in order to influence Aimee Bock and/or Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor the defendant's and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000, pursuant to the Federal Child Nutrition Program, within a one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.

If all the elements for Federal Program Bribery for Counts 16-20, 22, 24, 32, 34, 36-38, and 40 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[5]

---

[5] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

### *Federal Programs Bribery (Accepting or Agreeing to Accept a Bribe)*

The crime of Federal Programs Bribery, as charged in Count 40 of the indictment, has four elements:

*One*, Aimee Bock acted as an agent of Feeding Our Future;

*Two*, Aimee Bock corruptly solicited, demanded, accepted, or agreed to accept, money or something of value in connection with Feeding Our Future sponsoring or continuing to sponsor the co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Aimee Bock with respect to that future official act, meaning sponsoring or continuing to sponsor the co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000, pursuant to the Federal Child Nutrition Program, within a one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.

If all the elements for Federal Program Bribery for Count 40 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the

crime charged under that count.[6]]]

[[DEFENDANTS' PROPOSED ALTERNATIVES:

***Federal Programs Bribery (Agreeing to Give a Bribe)***[7]

The crime of Federal Programs Bribery, is charged in Counts 12, 17, 18, 19, 20, 22, 24, 32, 34, 36, 37, 38, and 40 of the indictment.  With the exception of Count 40, all of these counts allege that a federal programs bribe was paid to Abdikerm Eidleh. Count 40 alleges that a federal programs bribe was paid to Aimee Bock.

The crime of Agreeing to Give a Federal Programs Bribe has four elements:

*One*, Aimee Marie Bock or Abdikerm Eidleh (depending on the count you are considering), were agents of Feeding Our Future;

*Two*, before Bock or Eidleh sponsored the defendant's participation in the Federal Child Nutrition Program, the defendant and either Bock or Eidleh corruptly reached an agreement under which the defendant corruptly agreed to give money or something of value to Bock or Eidleh in connection with that sponsorship;

---

[6] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

[7] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 (June 5, 2024); *Snyder v. United States*, 603 U.S. 1 (2024); *United States v. Macrina*, 109 F.4th 1341, 1351 (11th Cir. 2024) ("[T]he [*Snyder*] Court made clear that the key difference between a gratuity and a bribe is whether the official and the payer agreed to a payment for the official act. If there were an agreement before the official act was complete to make a payment for that act, the payment received after the act could still be considered a bribe.") (citation omitted); *United States v. Bock*, 22-cr-223 NEB-DTS (ECF No. 402) at 15 ("To charge federal programs bribery post-Snyder, the bribe-giver and the bribe-taker must have come to their quid pro quo agreement before the official act. *Snyder*, 603 U.S. at 6."); *Id.* at 18 ("At trial, the Government will need to prove beyond a reasonable doubt that defendants formed a quid pro quo agreement before obtaining Feeding Our Future's sponsorship.").

*Three*, Feeding Our Future's sponsorship of the defendant's participation in the Federal Child Nutrition Program involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 pursuant to the Federal Child Nutrition Program during a one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.[8]

If all the elements for Federal Program Bribery for Counts 16-40 have been proved beyond a reasonable doubt, then you must find the defendant whose case you are considering guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

### Federal Programs Bribery (Agreeing to Accept a Bribe) [9]

As to defendant Aimee Bock, the crime of Soliciting, Demanding, Accepting, or Agreeing to Accept a Bribe in connection with a Federal Program as charged in Count 40 of the indictment, has four elements:

*One*, Aimee Marie Bock was an agent of Feeding Our Future;

*Two*, before Bock engaged in a transaction to sponsor defendant Abdulkadir Salah's participation in the Federal Child Nutrition Program, Aimee Marie Bock and

---

[8] 18 U.S.C. § 666(d)(5).
[9] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 (June 5, 2024).

Abdulkadir Salah corruptly entered an agreement[10] for Bock to accept money or something of value from Abdulkadir Salah in connection with that sponsorship;

*Three*, Feeding Our Future's sponsorship of the defendant's participation in the Federal Child Nutrition Program involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 pursuant to the Federal Child Nutrition Program in the one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.

If all the elements of Agreeing to Accept a Bribe in connection with a Federal Program have been proved beyond a reasonable doubt, then you must find the defendant whose case you are considering guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.]]

---

[10] *Snyder v. United States*, 603 U.S. 1 (2024); *United States v. Macrina*, 109 F.4th 1341, 1351 (11th Cir. 2024) ("[T]he [*Snyder*] Court made clear that the key difference between a gratuity and a bribe is whether the official and the payer agreed to a payment for the official act. If there were an agreement before the official act was complete to make a payment for that act, the payment received after the act could still be considered a bribe.") (citation omitted); *United States v. Bock*, 22-cr-223 NEB-DTS (ECF No. 402) at 15 ("To charge federal programs bribery post-*Snyder*, the bribe-giver and the bribe-taker must have come to their quid pro quo agreement before the official act. *Snyder*, 603 U.S. at 6."); *Id.* at 18 ("At trial, the Government will need to prove beyond a reasonable doubt that defendants formed a quid pro quo agreement before obtaining Feeding Our Future's sponsorship.").

***Conspiracy to Commit Concealment Money Laundering***

The crime of Conspiracy to Commit Concealment Money Laundering, as charged in Count 41 of the indictment, has four elements:

*One*, two or more people reached an agreement to commit the crime of concealment money laundering;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

The crime of Concealment Money Laundering has four elements:

*One*, on or about a date, the defendant conducted or attempted to conduct a financial transaction, which in any way or degree affected interstate commerce;

*Two*, the defendant conducted or attempted to conduct the financial transaction with money or property that involved the proceeds of the crime of wire fraud;

*Three*, at the time the defendant conducted or attempted to conduct the financial transaction, the defendant[s] knew the money or property represented the proceeds of some form of unlawful activity; and

*Four*, the defendant conducted or attempted to conduct the financial

transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud.

[[GOVERNMENT'S PROPOSED ADDITION:

You may find that [the defendant] knew the purpose of the financial transaction was to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud if you find beyond a reasonable doubt that that defendant believed there was a high probability of such purpose and that [he] [she] took deliberate actions to avoid learning of that fact. Knowledge may be inferred if the defendant [(name)] deliberately closed [his] [her] eyes to what would otherwise have been obvious to [him] [her]. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.[11]]] [[*Defendants object to the inclusion of a Willfull Blindness/Deliberate Indifference Instruction at any time, and certainly in the preliminary instructions*]]

If all the elements for Conspiracy to Commit Concealment Money Laundering for Count 41 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[12]

---

[11] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1956(B) (2023).
[12] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1957, 5.06A-1 (2023).

**Engaging in Monetary Transactions in Property Derived from Unlawful Activity**

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Counts 42, 44, 51, 52, 57, 58, and 59 of the indictment, has five elements:

*One*, the defendant knowingly engaged in a monetary transaction;

*Two*, the monetary transaction was of property of a value greater than $10,000 derived from wire fraud;

*Three*, the defendant then knew that the monetary transaction involved proceeds of a criminal offense;

*Four*, the monetary transaction took place in the United States; and

*Five*, the monetary transaction in some way or degree affected interstate commerce.

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Counts 42, 44, 51, 52, 57, 58, and 59 have been proved beyond a reasonable doubt for the count you are considering, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[13]

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you

---

[13] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1957 (2023).

in the instructions I give you at the end of the trial, the instructions given at the end

of the trial must govern you.[14]

---

[14] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.02.

# JURY INSTRUCTION NO. <u>3</u>

<u>Direct and Circumstantial Evidence</u>

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.[15]

---

[15] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.03 (2023).

**JURY INSTRUCTION NO. <u>4</u>**

<u>Credibility of Witnesses</u>

[[GOVERNMENT'S PROPOSED INSTRUCTION:  In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.[16]

Again, you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determinations of credibility.]]

[[DEFENDANTS' PROPOSED ALTERNATIVE:  You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony

---

[16] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.05 (2023).

deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.[17]]]

---

[17] 1A Fed. Jury Prac. & Instr. § 15:01 (7th ed.); Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.05 (2023).

# JURY INSTRUCTION NO. 5

## No Transcript Available – Note–Taking

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.[18]

---

[18] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.06A (2023).

## JURY INSTRUCTION NO. <u>6</u>

### <u>Bench Conferences and Recesses</u>

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.[19]

---

[19] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.07 (2023).

# JURY INSTRUCTION NO. 7

## Conduct of the Jury

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the deputy.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, TikTok, Instagram, YouTube, X, formerly known as Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do

not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you

will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

[Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.][20]

---

[20] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.08 (2023).

## JURY INSTRUCTION NO. <u>8</u>

<u>Outline of Trial</u>

The trial will proceed in the following manner:

First, an attorney for the United States will make an opening statement. Next, the defendants' attorneys may, but do not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The United States will then present its evidence and the defendants may cross-examine. Following the case by the United States, the defendants may, but do not have to, present evidence, testify or call other witnesses. If the defendants call witnesses, the United States' counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The Court will instruct you further on the law. After that you will retire to deliberate on your verdict.[21]

---

[21] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.09 (2023).

# JURY INSTRUCTION NO. <u>9</u>

<u>Pretrial Publicity</u>

There has been some publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who were not present in court and who, therefore, could not be seen and evaluated by a jury like all other witnesses.

You of course must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you.

To rely on anything you see and hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.[22]

---

[22] Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, 1A Federal Jury Practice and Instructions § 10:02 (6th ed. 2023).

# JURY INSTRUCTION NO. <u>10</u>

<u>Evidence Admitted Against Only One Defendant</u>

**[*If appropriate*]**

As you know, there are four defendants on trial here: Aimee Bock, Salim Said, Abdulkadir Nur Salah, and Abdi Nur Salah. Each defendant is entitled to have his or her case decided solely on the evidence which applies to him or her. Much of the evidence in this case will apply only to one specific defendant at a time; you may not consider that evidence against the other defendants to whom it does not directly apply.[23]

---

[23] Eighth Circuit Model Jury Instructions, Criminal, § 2.14 (Revised October 2021) (modified).

# JURY INSTRUCTION NO. <u>11</u>

<u>[[DEFENDANTS' REQUESTED INSTRUCTION:</u>

<u>Number of Witnesses Called is Not Controlling</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

You should keep in mind that the burden of proof is always on the prosecution and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.[24]  There is no burden upon a defendant to prove that he or she is innocent. [25]]]

---

[24] (Criminal) Hon. Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 4-3 (Number of Witnesses and Uncontradicted Testimony) (Matthew Bender ed. 2021) (modified).
[25] 1A Fed. Jury Prac. & Instr. § 14:16 (7th ed.) (as modified).

# JURY INSTRUCTION NO. <u>12</u>

<u>[[DEFENDANTS' REQUESTED INSTRUCTION:</u>

<u>The Government as a Party</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that this prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the United States or individuals, stand as equals at the bar of justice.[26]]]

---

[26] (Criminal) Hon. Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 2-5 (The Government as a Party) (Matthew Bender ed. 2021) (modified).

# JURY INSTRUCTION NO. __13__

## [[DEFENDANTS' REQUESTED INSTRUCTION]

### Viewing of Location Prohibited[27]

During the trial you will hear about several locations in Minnesota that have some relationship to this case. Under no circumstances, however, are you to visit any location identified during the trial or during your deliberation.

In making an unguided visit without the benefit of explanation from the witnesses under questioning by the lawyers you might form erroneous impressions about the location or witnesses who may testify about those locations. Significant or subtle changes, may have also taken place these locations in the months or years between occurrences referred to in the evidence and during trial.]]

---

[27] 1A Fed. Jury Prac. & Instr. § 10:07 (7th ed.).

# INSTRUCTIONS FOR USE DURING TRIAL

# JURY INSTRUCTION NO. <u>14</u>

<u>Duties of Jury – Recess</u>

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.  Do not allow anyone to discuss the case with you or within your hearing.  Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this.  You should not even talk amongst yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.  If anyone tries to talk to you about the case, please let me know about it immediately.

When I say, "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It would be a violation of your oath for you to base your decision on some reporter's view or

opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[28]

---

[28] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.01 (2023).

35

# JURY INSTRUCTION NO. <u>15</u>

<u>Stipulated Facts</u>

***[If appropriate]***

The United States and the defendants have stipulated—that is, they have agreed—that certain facts are as counsel just stated.  You must therefore treat those facts as having been proved.[29]

---

[29] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.03 (2023).

## JURY INSTRUCTION NO. 16

[[GOVERNMENT'S PROPOSED INSTRUCTION

Judicial Notice – Fed. R. Evid. 201

### *[If appropriate]*

Even though no evidence has been introduced about it, I have decided to accept as proved the fact that (insert fact noticed).  I believe this fact [is of such common knowledge] [can be so accurately and readily determined from (name accurate source)] that it cannot reasonably be disputed.  You may therefore treat this fact as proved, even though no evidence was brought out on the point.  As with any fact, however, the final decision whether or not to accept it is for you to make and you are not required to agree with me.[30]]]

---

[30] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.04 (2023).

**JURY INSTRUCTION NO. <u>17</u>**

<u>Transcript of Recorded Conversation</u>

***[If appropriate]***

As you have heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.[31]

---

[31] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.06A (2023).

[[GOVERNMENT'S PROPOSED INSTRUCTION

Statement of One Defendant in Multi-Defendant Trial

***[If appropriate]***

You may consider the statement of defendant (name) only in the case against [him] [her], and not against the other defendant[s]. You may not consider or discuss defendant (name)'s statement in any way when you are deciding if the United States proved, beyond a reasonable doubt, its case against the other defendant[s].[32]]]

---

[32] Eighth Circuit Model Jury Instructions, Criminal, § 2.15 (2023).

**JURY INSTRUCTION NO. <u>19</u>**

<u>Witness Who Has Pleaded Guilty</u>

[***If appropriate***]

You have heard that the witness (name) pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of these defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon [his] [her] testimony.[33]

---

[33] Eighth Circuit Model Jury Instructions, Criminal, § 2.19 (Revised October 2021).

# JURY INSTRUCTION NO. <u>20</u>

<u>Defendant's Prior Similar Acts – Fed. R. Evid. 404(b)</u>

### ***[If appropriate]***

[[GOVERNMENT'S PROPOSED INSTRUCTION:  You [are about to hear] [have heard] evidence that the defendant (describe evidence the jury is about to hear or has heard). You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether the defendant [had the state of mind or intent necessary to commit the crime charged in the indictment]; or [had a motive or opportunity to commit the acts described in the indictment]; or [acted according to a plan or in preparation for commission of a crime]; or [committed the acts he is on trial for by accident or mistake]; or [describe other permissible purpose]. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed one or more similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crime

charged, and you may consider the evidence of prior acts only on the issues stated above.[34]]]

**[[DEFENDANTS' ALTERNATIVE PROPOSAL:**

Evidence that an act was done or that an offense was committed by Defendant [*name*] at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offense charged in [*Count __ of*] this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether Defendant [*name*] actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Defendant [*name*] physically did the act charged in [*Count __ of*] this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that Defendant [*name*] did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which Defendant [*name*] actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in this indictment. Nor may a defendant be convicted of the crime[s] charged even if you

---

[34] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.08 (2023).

were to find that [*he*] [*she*] committed other crimes—even crimes similar to the one charged in this indictment .[35]]]

---

[35] 1A Fed. Jury Prac. & Instr. § 17:08 (7th ed.). Defendants object to the government's attempt to introduce evidence under Rule 404(b) in this case.

# INSTRUCTIONS TO BE GIVEN AT THE CONCLUSION OF TRIAL

**JURY INSTRUCTION NO. <u>21</u>**

<u>Introduction</u>

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Again, all instructions, whenever given and whether in writing or not, must be followed.[36]

---

[36] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.01 (2023).

## JURY INSTRUCTION NO. <u>22</u>

### <u>Duty of Jury</u>

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.[37]

.

---

[37] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.02 (2023) (as modified).

# JURY INSTRUCTION NO. <u>23</u>

<u>Evidence; Limitations</u>

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents, other things received as exhibits, the facts that have been stipulated—this is, formally agreed to by the parties, [and the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.[38]

---

[38] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.03 (2023).

# JURY INSTRUCTION NO. <u>24</u>

<u>Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.[39]

---

[39] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.04 (2023).

**JURY INSTRUCTION NO. <u>25</u>**

<u>Character and Reputation</u>

***[If appropriate]***

You have heard testimony about the character and reputation of [(name of witness)] [the defendant] for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of [(name of witness)] [the defendant] and how much weight to give it.[40]

---

[40] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.02 (2023).

**JURY INSTRUCTION NO. <u>26</u>**

<u>Opinion Evidence – Expert Witness</u>

***[If appropriate]***

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.[41]

---

[41] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.10 (2023).

# JURY INSTRUCTION NO. <u>27</u>

<u>Demonstrative Summaries</u>

***[If appropriate]***

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.[42]

---

[42] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.11 (2023).

**JURY INSTRUCTION NO. <u>28</u>**

<u>Rule 1006 Summary Charts</u>

***[If appropriate]***

You will remember that certain [summaries] [charts] were admitted in evidence. You may use those [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.][43]

---

[43] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.12 (2023).

**JURY INSTRUCTION NO. <u>29</u>**

<u>Testimony Under Plea Bargain</u>

[***If appropriate***]

You have heard evidence that (name of witness) [has made a plea agreement with the prosecution [has received a promise from the prosecution that [he] [she] will not be prosecuted] [has received a promise from the prosecution that [his] [her] testimony will not be used against [him] [her] in a criminal case]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by the [plea agreement] prosecution's promise] is for you to determine.

The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.[44]

---

[44] Eighth Circuit Model Jury Instructions, Criminal, § 4.04 (Revised October 2021) (modified).

<u>Credibility – Cooperating Witness</u>

[***If appropriate***]

You have heard that the witness (name) [pled] [pleaded] guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of these defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon [his] [her] testimony.

[[GOVERNMENT'S PROPOSED INSTRUCTION:  You have heard evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against him or her in return for their cooperation with the prosecution in this case. This witness entered into a plea agreement with the prosecution that provides, among other things, an agreement that the prosecution will recommend a less severe sentence than the witness would have faced if they had not cooperated. The Court has no power to reduce a sentence for substantial assistance unless the prosecution, acting through the United States Attorney, files such a motion. If such a motion is filed by the prosecution, then it is up to the Court to decide whether to reduce the sentence at all, and if so, how much to reduce it.]]

[[DEFENDANTS' ALTERNATIVE PROPOSAL:

You have heard evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against him or her in return for their cooperation with the prosecution in this case. This witness entered into a plea

agreement with the prosecution that provides, among other things, an agreement that the prosecution will recommend a less severe sentence than the witness would have faced if they had not cooperated and testified in this trial. The Court has no power to reduce a sentence for substantial assistance unless the prosecutor handling the case of the witness who has pleaded guilty decides to file a motion for a downward departure. A prosecutor files such a motion if the prosecutor believes the witness provided substantial assistance to the government. If such a motion is filed by the prosecution, then it is up to the Court to decide whether to reduce the sentence at all, and if so, how much to reduce it.]]

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by their hope of receiving a reduced sentence is for you to decide.[45]

---

[45] Eighth Circuit Model Jury Instructions, Criminal, § 4.05B (Revised October 2021).

## JURY INSTRUCTION NO. <u>31</u>

<u>Testimony of Accomplice</u>

[***If appropriate***]

[[GOVERNMENT'S PROPOSED INSTRUCTION:  You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the [government] [prosecution] or to strike a good bargain with the [government] [prosecution] about [his] [her] own situation is for you to determine.[46]]]

[[DEFENDANTS' PROPOSED ALTERANTIVE:

An alleged accomplice is someone who claims to have participated in the commission of the crime. Such testimony must be examined and weighed with greater care than the testimony of a witness who does not claim to have participated in the commission of the crime.

The witnesses who fit this description are: [Insert list of names].

You must determine whether the testimony of the alleged accomplice has been affected by self-interest, or by an agreement made with the government, or by his or her own interest in the outcome of this case, or by prejudice against defendants.

---

[46] Eighth Circuit Model Jury Instructions § 4.05A.

The fact that an alleged accomplice has entered or agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person, including defendants. The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.[47]]]

---

[47] Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, 1A Federal Jury Practice and Instructions § 15:04 (6th ed. 2023) (modified); see also Eighth Circuit Model Jury Instructions § 4.05A.

# JURY INSTRUCTION NO. <u>32</u>

<u>Description of Charges; Indictment Not Evidence;</u>
<u>Presumption of Innocence; Burden of Proof</u>

The indictment in this case collectively charges the defendants with thirty-two crimes: one count of Wire Fraud Conspiracy; nine counts of Wire Fraud; one count of Conspiracy to Commit Federal Programs Bribery; thirteen counts of Federal Programs Bribery; one count of Conspiracy to Commit Concealment Money Laundering; seven counts of Engaging in Monetary Transactions in Property Derived from Unlawful Activity.

***Aimee Marie Bock***

The indictment in this case charges Aimee Marie Bock with seven different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 2, 4, 5, and 12; Conspiracy to Commit Federal Programs Bribery in Count 15; and Federal Programs Bribery in Count 40.

***Salim Ahmed Said***

The indictment in this case charges Salim Said with twenty-one different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 2, 5, 8, and 12; Conspiracy to Commit Federal Programs Bribery in Count 15; Federal Programs Bribery in Counts 16, 17, 18, 19, 32, 34, 36, 37, and 38; Conspiracy to Commit Concealment Money Laundering in Count 41; and Engaging in Monetary Transactions in Property Derived from Unlawful Activity in Counts 42, 44, 51, 52, and 57.

***Abdulkadir Nur Salah***

The indictment in this case charges Abdulkadir Nur Salah with fourteen different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 5, 8, 13, and 14; Conspiracy to Commit Federal Programs Bribery in Count 15; Federal Programs Bribery in Counts 20, 22, 24, and 40; Conspiracy to Commit Concealment Money Laundering in Count 41; and Engaging in Monetary Transactions in Property Derived from Unlawful Activity in Counts 52, 57, and 58.

***Abdi Nur Salah***

The indictment in this case charges Abdi Nur Salah with seven different crimes, namely: Wire Fraud Conspiracy in Count 1; Wire Fraud in Counts 3, 4, and 6; Conspiracy to Commit Concealment Money Laundering in Count 41; and Engaging in Monetary Transactions in Property Derived from Unlawful Activity in Counts 58 and 59.

The defendants have each pleaded not guilty to each of the crimes with which they are charged.

The indictment is simply the document that formally charges the defendants with the crime for which they are on trial. The indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendants not guilty. This presumption can be overcome as to each charge only if the United States

proved during the trial, beyond a reasonable doubt, each element of a crime charged.

[[DEFENDANTS' PROPOSED ADDITION: Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.[48]]]

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the United States throughout the trial.[49]

[[DEFENDANTS' PROPOSED ADDITION: The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]]

---

[48] *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 at 13 (June 5, 2024).
[49] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.08 (2023).

**JURY INSTRUCTION NO. <u>33</u>**

<u>Elements of the Offense – Burden of Proof</u>

If, for any given count charged in the Indictment, each element of that charged offense has been proved beyond a reasonable doubt as to a defendant, then you must find that defendant guilty of the crime changed under that count. Otherwise, you must find that defendant not guilty of the crime charged under that count.[50]

---

[50] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.09 (2023).

# JURY INSTRUCTION NO. <u>34</u>

<u>Reasonable Doubt</u>

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[51]

---

[51] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.11 (2023).

## JURY INSTRUCTION NO. 35

### [GOVERNMENT'S PROPOSED INSTRUCTION]

### Timing of Offenses

The indictment charges that the offenses alleged in each count were committed "in or about" or "on or about" a certain date. Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.[52]

---

[52] O'Malley, Grenig, Lee, 1A Federal Jury Practice and Instructions § 13.05 (6th ed. 2008).

<u>Wire Fraud Conspiracy</u>

It is a crime for two or more people to agree to commit a crime. The crime of Wire Fraud Conspiracy, as charged in Count 1 of the indictment, has four elements, which are:

*One*, on or before April 2020 through in or about 2022, two or more people reached an agreement to commit the crime of wire fraud (the elements of the crime of wire fraud will be provided in the next instruction);

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement;

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

**Element One**

Element One requires that two [or more] people reached an agreement to commit the crime of wire fraud.

Count 1 of the indictment charges conspiracy to commit wire fraud. For you to find that the United States has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. [[<span style="color:red">DEFENDANTS' PROPOSED ADDITION: You must unanimously agree which purpose or purposes motivated the</span>

members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy.[53]]]

The agreement between two of more people to commit the crime of wire fraud does not need to be a formal agreement or be in writing.  A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of wire fraud was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

**Element Two**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit wire fraud, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of wire fraud, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit wire fraud by voluntarily and

---

[53] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06A-2 (2023) (as modified).

intentionally participating in the unlawful plan with the intent to further the crime of wire fraud. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

[[DEFENDANTS' PROPOSED ADDITIONS:

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.[54]

Similarly, merely discussing common goals, mere similarity of conduct between or among such persons, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.[55]]]

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of

---

[54] *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 at 18-19 (June 5, 2024).
[55] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime of wire fraud, you should consider the elements of that crime, which I will describe in a moment.

You may consider these elements in determining whether the defendant agreed to commit the crime of wire fraud, keeping in mind that this count of the indictment only charges a conspiracy to commit wire fraud and does not charge that wire fraud was committed.

**Element Three**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of wire fraud simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The

defendant must have known of the existence and purpose of the agreement.

<span style="color:red">[[DEFENDANTS' PROPOSED ADDITIONS:</span>

<span style="color:red">The agreement must be knowingly made or knowingly entered into by at least two people to commit the crime of wire fraud by some joint or common plan or course of action.[56]</span>

<span style="color:red">Before the jury may find that any defendant, or any other person, became a member of the conspiracy charged in Count 1 of the indictment, the evidence in the case must show beyond a reasonable doubt that defendant whose case you are considering knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.[57]]]</span>

Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

**Element Four**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other

---

[56] 2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.).
[57] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the United States prove that more than one act was done in furtherance of the agreement. It is sufficient if the United States proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Wire Fraud for Count 1 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[58]

---

[58] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1343. 5.06A-1, 5.06A-2 (2023).

# JURY INSTRUCTION NO. <u>37</u>

[[DEFENDANTS' PROPOSED INSTRUCTION:

## Single Conspiracy

The indictment charges the defendants were members of one single conspiracy to commit the crime of wire fraud.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The United States must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of wire fraud to the scope alleged in the indictment. If the United States fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that he or she was a member of some other conspiracy. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.[59]]]

---

[59] Eighth Circuit Model Jury Instructions, Criminal, § 5.06B (Revised October 2021) (modified); *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 (June 5, 2024).

# JURY INSTRUCTION NO. 38

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Acts and Statements

If you determine that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.[60]]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE:[61]

### Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count ___ of the indictment to be co-conspirators of Defendant ___, have done or

---

[60] Eighth Circuit Model Jury Instructions, Criminal, § 5.06D (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[61] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 37.

said things during the existence or life of the alleged conspiracy in order to further or advance its goal[s].

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count ___ of the indictment against Defendant ___.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant ___ and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.[62]]]

[62] 2 Fed. Jury Prac. & Instr. § 31:06 (6th ed.).

[[GOVERNMENT'S PROPOSED INSTRUCTION

Conspiracy: Co-Conspirator Liability

If you find Aimee Marie Bock guilty of conspiring to commit the crime of wire fraud, you must then consider whether Aimee Marie Bock also committed the crime of wire fraud as charged in one or more of counts 2, 4, 5, or 12.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Aimee Marie Bock committed the crime of wire fraud:

*One*, some other defendant committed the crime of wire fraud, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the wire fraud was committed;

*Three*, that same defendant committed the crime of wire fraud in furtherance of the conspiracy;

*Four*, the wire fraud was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Aimee Marie Bock was also a member of the conspiracy at the time the wire fraud was committed.[63]]]


[[DEFENDANTS' PROPOSED ALTERNATIVE:[64]

Responsibility For Substantive Offense

---

[63] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[64] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 38.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[65]]]

---

[65] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. <u>40</u>

[[GOVERNMENT'S PROPOSED INSTRUCTION

## Conspiracy: Co-Conspirator Liability

If you find Salim Ahmed Said guilty of conspiring to commit the crime of wire fraud, you must then consider whether Salim Ahmed Said also committed the crime of wire fraud as charged in one or more of counts 2, 5, 8, or 12.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Salim Ahmed Said committed the crime of wire fraud:

*One*, some other defendant committed the crime of wire fraud, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the wire fraud was committed;

*Three*, that same defendant committed the crime of wire fraud in furtherance of the conspiracy;

*Four*, the wire fraud was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Salim Ahmed Said was also a member of the conspiracy at the time the wire fraud was committed.[66]]]


[[DEFENDANTS' PROPOSED ALTERNATIVE: [67]

## Responsibility For Substantive Offense

---

[66] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[67] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 39.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant guilty of conspiracy beyond a reasonable doubt, as charged in Count of the indictment, you may also find Defendant guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of as described in Count of the indictment was committed by a member of the conspiracy as detailed in Count of the indictment;

Two: The substantive crime of was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[68]]]

---

[68] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. 41

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Liability

If you find Abdulkadir Nur Salah guilty of conspiring to commit the crime of wire fraud, you must then consider whether Abdulkadir Nur Salah also committed the crime of wire fraud as charged in one or more of counts 5, 8, 13, or 14.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Abdulkadir Nur Salah committed the crime of wire fraud:

*One*, some other defendant committed the crime of wire fraud, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the wire fraud was committed;

*Three*, that same defendant committed the crime of wire fraud in furtherance of the conspiracy;

*Four*, the wire fraud was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Abdulkadir Nur Salah was also a member of the conspiracy at the time the wire fraud was committed.[69]]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE: [70]

### Responsibility For Substantive Offense

---

[69] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[70] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 40.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[71]]]

---

[71] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. 42

[[GOVERNMENT'S PROPOSED INSTRUCTION

## Conspiracy: Co-Conspirator Liability

If you find Abdi Nur Salah guilty of conspiring to commit the crime of wire fraud, you must then consider whether Abdi Nur Salah also committed the crime of wire fraud as charged in one or more of counts 3, 4, or 6.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Abdi Nur Salah committed the crime of wire fraud:

*One*, some other defendant committed the crime of wire fraud, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the wire fraud was committed;

*Three*, that same defendant committed the crime of wire fraud in furtherance of the conspiracy;

*Four*, the wire fraud was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Abdi Nur Salah was also a member of the conspiracy at the time the wire fraud was committed.[72]]]

[[DEFENDANTS' PROPOSED ALTERNATIVE: [73]

## Responsibility For Substantive Offense

---

[72] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[73] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 41.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[74]]]

---

[74] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. <u>43</u>

<u>Wire Fraud</u>

The crime of Wire Fraud, as charged in Counts 2-6, 8, and 12-14 of the indictment, has three elements, which are:

*One*, the defendant voluntarily and intentionally devised or made up a scheme to defraud, or participated in a scheme to defraud with knowledge of the scheme's fraudulent nature, another out of money or property by means of material false representations or promises;

*Two*, the defendant acted with the intent to defraud; and

*Three*, the defendant used, or caused to be used, an interstate wire communication, that is, an e-mail or a wire transfer of funds, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

<span style="color:red">[[DEFENDANTS' PROPOSED ADDITION: The United States must prove that the object of the scheme to defraud was to deprive a person or entity out of money</span>

that the person or entity would not have paid but for the scheme to defraud.[75]  The United States cannot prove that a defendant committed the crime of wire fraud by proving only that a defendant provided false or incomplete information that, if accurate, would have allowed the person or entity to make different decisions about who to pay money to, whether to process or approve a particular business transaction, or to evaluate decisions about the economic risks of making a business decision or transaction.[76]  If a person or entity received the full benefit they expected to receive by paying the money at issue and would have paid out the money at issue even if the scheme to defraud had not occurred, you cannot find the defendant guilty of the crime

---

[75] *Ciminelli v. United States*, 598 U.S. 306, 312 (2023) ("The Government must prove not only that wire fraud defendants 'engaged in deception,' but also that money or property was 'an object of their fraud.'") (internal citations omitted).

[76] *Id.* at 315. ("…if 'the right to make informed decisions about the disposition of one's assets, without more, were treated as the sort of 'property' giving rise to wire fraud, it would risk expanding the federal fraud statutes beyond property fraud as defined at common law and as Congress would have understood it.' Thus, even the Government now agrees that the Second Circuit's right-to-control theory is unmoored from the federal fraud statutes' text.") (internal citations omitted).  *Compare United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019)*, abrogated by Ciminelli,* 598 U.S. 306 (describing the now-invalidated right to control theory as the "withholding or inaccurate reporting of information that could impact on economic decisions," and as disguising information to make it more likely that an entity (there a bank) would be more likely to process or approve transactions.); *United States v. Ruzicka*, 988 F.3d 997, 1009 (8th Cir. 2021) (before *Ciminelli*, rejecting the defendant's argument that he could not be convicted of wire fraud under a "right to control" theory where the alleged victim allegedly received "the full economic benefit of his bargain"; reasoning that Eighth Circuit law was unclear on whether a right-to-control theory is valid and whether wire fraud can be proved where an alleged victim "would have contracted the same services" despite a scheme to defraud.) (internal citation omitted); *United States v. Shyres*, 898 F.2d 647, 653 (8th Cir. 1990) (in a now likely overruled decision, the Eighth Circuit both adopted the now invalidated right-to-control theory but suggested it was nevertheless relevant whether the government could prove that the alleged victim would not have engaged in the transaction anyway, without regard to the scheme to defraud.)

of wire fraud, even if you find that the defendant deceived the person or entity by supplying false or incomplete information to them.]]

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

[[DEFENDANTS' PROPOSED ADDITION: Proof of fraudulent intent requires more than proof that a defendant was not completely honest, made a mistake in judgment or management, or was careless, or even reckless. Good faith is inconsistent with a finding that a defendant acted knowingly.]]

An "interstate wire communication" is a wire communication that crosses a state line. A "wire communication" includes telephone calls, electronic signals sent by wire (such as a fax or a financial wire), the use of the Internet to send a message (such

as an e-mail), and communicating with a website via the Internet.

It is not necessary that the defendant himself contemplate the use of an interstate wire communication or that the defendant send or receive the actual interstate wire communication or specifically intend that an interstate wire communication be used. It is sufficient if an interstate wire communication was in fact used to carry out the scheme and the use of an interstate wire communication by someone was reasonably foreseeable.

The wire fraud counts of the Indictment charge that each defendant, along with the other defendants, devised, or participated in a scheme. The Government need not prove, however, that the defendants met together to formulate the scheme charged, or that there was a formal agreement among them, in order for them to be held jointly responsible for the operation of the scheme and the use of a wire transfer or email transmission for the purpose of accomplishing the scheme. It is sufficient if only one person conceives the scheme and the others knowingly, voluntarily and intentionally join in and participate in some way in the operation of the scheme in order for such others to be held jointly responsible.

It is not necessary that the Government prove all the details alleged in the Indictment concerning the precise nature and purpose of the scheme, that any interstate wire communication was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, or that the use of the interstate wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

It is not necessary that the Government prove that any interstate wire communication was an essential part of the scheme. A wire communication may be routine or sent for a legitimate purpose so long as it assists in carrying out the fraud.

If all the elements for Wire Fraud for Counts 2-6, 8, and 12-14 have been proved beyond a reasonable doubt for the count you are considering, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[77]

---

[77] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1343 (as modified), 6.18.1956J (2023); 18 U.S.C. § 1343.

**JURY INSTRUCTION NO. <u>44</u>**

<u>Conspiracy to Commit Federal Programs Bribery</u>

The crime of Conspiracy to Commit Federal Programs Bribery, as charged in Count 15 of the indictment, has four elements, which are:

*One*, two or more people reached an agreement to commit the crime of federal programs bribery;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

**Element One**

Element One requires that two [or more] people reached an agreement to commit the crime of federal programs bribery.

Count 15 of the indictment charges conspiracy to commit federal programs bribery. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

<span style="color:red">[[DEFENDANTS' PROPOSED ADDITION: You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you</span>

<span style="color: red">are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy.[78]]]</span>

The agreement between two of more people to commit the crime of federal programs bribery does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of federal programs bribery was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

**Element Two**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit federal programs bribery, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of federal programs bribery, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit federal programs bribery by voluntarily and intentionally participating in the unlawful plan with the intent to further the

---

[78] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06A-2 (2023)

crime of federal programs bribery. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

[[DEFENDANTS' PROPOSED ADDITION:

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.[79] Similarly, merely discussing common goals, mere similarity of conduct between or among such persons, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.[80]]]

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

---

[79] *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 at 26-27 (June 5, 2024).
[80] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime of federal programs bribery, you should consider the elements of that crime, which I will describe in a moment.

You may consider these elements in determining whether the defendant agreed to commit the crime of federal programs bribery, keeping in mind that this count of the indictment only charges a conspiracy to commit federal programs bribery and does not charge that federal programs bribery was committed.

**Element Three**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of federal programs bribery simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

The defendant must have known of the existence and purpose of the agreement.

[[DEFENDANTS' PROPOSED ADDITION:

The agreement must be knowingly made or knowingly entered into by at least two people to commit the crime of wire fraud by some joint or common plan or course of action.[81]  Before the jury may find that any defendant, or any other person, became a member of the conspiracy charged in Count 1 of the indictment, the evidence in the case must show beyond a reasonable doubt that defendant whose case you are considering knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.[82]]]

Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

**Element Four**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other

---

[81] 2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.).
[82] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the Government prove that more than one act was done in furtherance of the agreement. It is sufficient if the Government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Federal Programs Bribery for Count 15 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[83]

---

[83] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C, 5.06A-1 (2023).

## JURY INSTRUCTION NO. <u>45</u>

[[DEFENDANTS' PROPOSED INSTRUCTION:

<u>Single Conspiracy</u>[84]

The indictment charges the defendants were members of one single conspiracy to commit the crime of federal programs bribery.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The prosecution must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of federal programs bribery to the scope alleged in the indictment. If the prosecution fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.]]

---

[84] Eighth Circuit Model Jury Instructions, Criminal, § 5.06B (Revised October 2021) (modified).

# JURY INSTRUCTION NO. <u>46</u>

[[GOVERNMENT'S PROPOSED INSTRUCTION

Conspiracy: Co-Conspirator Acts and Statements

If you determine that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.[85]]]

[[DEFENDANTS' PROPOSED ALTERNATIVE: [86]

Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count ___ of the indictment to be co-conspirators of Defendant ___, have done or

---

[85] Eighth Circuit Model Jury Instructions, Criminal, § 5.06D (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[86] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 45.

said things during the existence or life of the alleged conspiracy in order to further or advance its goal[s].

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count ___ of the indictment against Defendant ___.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant ___ and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.[87]]]

---

[87] 2 Fed. Jury Prac. & Instr. § 31:06 (6th ed.).

# JURY INSTRUCTION NO. 47

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Liability

If you find Aimee Marie Bock guilty of conspiring to commit the crime of federal program bribery, you must then consider whether Aimee Marie Bock also committed the crime of federal program bribery.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Aimee Marie Bock committed the crime of federal program bribery:

*One*, some other defendant committed the crime of federal program bribery, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the federal program bribery was committed;

*Three*, that same defendant committed the crime of federal program bribery in furtherance of the conspiracy;

*Four*, the federal program bribery was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Aimee Marie Bock was also a member of the conspiracy at the time the federal program bribery was committed.[88]]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE: [89]

### Responsibility for Substantive Offense

---

[88] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified).

[89] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 46.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[90]]]

---

[90] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. 48

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Liability

If you find Salim Said guilty of conspiring to commit the crime of federal program bribery, you must then consider whether Salim Said also committed the crime of federal program bribery.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Salim Said committed the crime of federal program bribery:

*One*, some other defendant committed the crime of federal program bribery, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the federal program bribery committed;

*Three*, that same defendant committed the crime of federal program bribery in furtherance of the conspiracy;

*Four*, the federal program bribery was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Salim Said was also a member of the conspiracy at the time the federal program bribery was committed.[91]]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE: [92]

### Responsibility for Substantive Offense

---

[91] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified).

[92] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 47.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[93]]]

---

[93] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Liability

If you find Abdulkadir Nur Salah guilty of conspiring to commit the crime of federal program bribery d, you must then consider whether Abdulkadir Nur Salah also committed the crime of federal program bribery.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Abdulkadir Nur Salah committed the crime of federal program bribery:

*One*, some other defendant committed the crime of federal program bribery, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the federal program bribery was committed;

*Three*, that same defendant committed the crime of federal program bribery in furtherance of the conspiracy;

*Four*, the federal program bribery was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Abdulkadir Nur Salah was also a member of the conspiracy at the time the federal program bribery was committed.[94]]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE: [95]

### Responsibility for Substantive Offense

---

[94] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified).

[95] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 48.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[96]]]

---

[96] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. 50

## [[FOR THE BRIBERY COUNTS, THE GOVERNMENT PROPOSES INSTRUCTIONS 50 THROUGH 63. THE DEFENSE ALTERNATIVELY PROPOSES INSTRUCTIONS 64 THROUGH 66.]]

### [[Federal Programs Bribery

### (Salim Said)

The crime of Federal Programs Bribery, as charged in Count 16 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $1,500 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about July 28, 2020, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection

with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 16 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[97]

---

[97] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

# JURY INSTRUCTION NO. 51

### Federal Programs Bribery

### (Salim Said)

The crime of Federal Programs Bribery, as charged in Count 17 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $2,500 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about August 20, 2020, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 17 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[98]

---

[98] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

**JURY INSTRUCTION NO. <u>52</u>**

<u>Federal Programs Bribery</u>

<u>(Salim Said)</u>

The crime of Federal Programs Bribery, as charged in Count 18 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $5,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about September 15, 2020, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 18 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[99]

---

[99] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

Federal Programs Bribery

(Salim Said)

The crime of Federal Programs Bribery, as charged in Count 19 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $5,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about November 25, 2020, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 19 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[100]

---

[100] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

## JURY INSTRUCTION NO. 54

### Federal Programs Bribery

### (Abdulkadir Salah)

The crime of Federal Programs Bribery, as charged in Count 20 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Abdulkadir Salah corruptly gave, offered, or agreed to give about $5,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about November 28, 2020, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdulkadir Salah acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 20 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.[101]

---

[101] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

**JURY INSTRUCTION NO. 55**

Federal Programs Bribery

(Abdulkadir Salah)

The crime of Federal Programs Bribery, as charged in Count 22 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Abdulkadir Salah corruptly gave, offered, or agreed to give about $7,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or transaction involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about January 8, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdulkadir Salah acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Abdulkadir Salah and his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 22 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.[102]

---

[102] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

**JURY INSTRUCTION NO. 56**

<u>Federal Programs Bribery</u>

<u>(Abdulkadir Salah)</u>

The crime of Federal Programs Bribery, as charged in Count 24 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Abdulkadir Salah corruptly gave, offered, or agreed to give about $7,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about January 18, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdulkadir Salah acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 24 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.[103]

---

[103] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

<u>Federal Programs Bribery</u>

<u>(Salim Said)</u>

The crime of Federal Programs Bribery, as charged in Count 32 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $14,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about February 25, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 32 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[104]

---

[104] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

<u>Federal Programs Bribery</u>

<u>(Salim Said)</u>

The crime of Federal Programs Bribery, as charged in Count 34 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $14,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about March 9, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 34 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[105]

---

[105] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

Federal Programs Bribery

(Salim Said)

The crime of Federal Programs Bribery, as charged in Count 36 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $7,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about March 23, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 36 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[106]

---

[106] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

## JURY INSTRUCTION NO. <u>60</u>

### <u>Federal Programs Bribery</u>

### <u>(Salim Said)</u>

The crime of Federal Programs Bribery, as charged in Count 37 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $7,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about March 25, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 37 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[107]

---

[107] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

## JURY INSTRUCTION NO. 61

### Federal Programs Bribery

### (Salim Said)

The crime of Federal Programs Bribery, as charged in Count 38 of the indictment, has five elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two*, Salim Said corruptly gave, offered, or agreed to give about $14,000 to Abdikerm Eidleh in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program; .

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Abdikerm Eidleh with respect to that future official act, meaning sponsoring or continuing to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about May 27, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Salim Said acted voluntarily and intentionally and, at least in part, to influence or induce Abdikerm Eidleh to cause, or reward Abdikerm Eidleh for causing, Feeding Our Future to sponsor Salim Said and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 38 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.[108]

---

[108] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

Federal Programs Bribery

(Abdulkadir Salah)

The crime of Federal Programs Bribery, as charged in Count 40 of the indictment, has five elements, which are:

*One*, Aimee Bock was an agent of Feeding Our Future;

*Two*, Abdulkadir Salah corruptly gave, offered, or agreed to give about $310,000 to Aimee Bock in connection with Feeding Our Future sponsoring his and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Aimee Bock with respect to that future official act, meaning sponsoring or continuing to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or series of transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about August 13, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Abdulkadir Salah acted voluntarily and intentionally and, at least in part, to influence or induce Aimee Bock to cause, or reward Aimee Bock for causing, Feeding Our Future to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 40 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.[109]

---

[109] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

## JURY INSTRUCTION NO. 63

### Federal Programs Bribery

### (Aimee Bock)

The crime of Federal Programs Bribery, as charged in Count 40 of the indictment, has five elements, which are:

*One*, Aimee Bock was an agent of Feeding Our Future;

*Two*, Aimee Bock corruptly solicited, demanded, accepted, or agreed to accept from Abdulkadir Salah, something of value, that is, about $310,000, in connection with Feeding Our Future sponsoring Abdulkadir and/or his co-conspirator's fraudulent participation in the Federal Child Nutrition Program.

*Three*, the payment, or the agreement to make the payment, occurred before an official act in order to influence Aimee Bock with respect to that future official act, meaning sponsoring or continuing to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program;

*Four*, the transaction or transactions involved something of value of $5,000 or more; and

*Five*, Feeding Our Future received benefits in excess of $10,000 in the one-year period beginning on or about August 13, 2021, pursuant to the Federal Child Nutrition Program.

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of administrating funds in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that Aimee Bock acted voluntarily and intentionally and, at least in part, in return for being influenced or induced to cause, or in return for being rewarding for causing, Feeding Our Future to sponsor Abdulkadir Salah and/or his co-conspirators' fraudulent participation in the Federal Child Nutrition Program.

If all the elements for Federal Program Bribery for Count 40 have been proved beyond a reasonable doubt, then you must find Aimee Bock guilty of the crime charged under that count; otherwise, you must find Aimee Bock not guilty of the crime charged under that count.[110]]]

---

[110] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023); *Snyder v. United States*, 603 U.S. 1 (2024).

**JURY INSTRUCTION NO. <u>64</u>**

**<u>[[FOR THE BRIBERY COUNTS, THE GOVERNMENT PROPOSES
INSTRUCTIONS 50 THROUGH 63. THE DEFENSE ALTERNATIVELY
PROPOSES INSTRUCTIONS 64 THROUGH 66.]]</u>**

<u>[[Federal Programs Bribery[111]</u>

(Salim Said and Abdulkadir Salah)

Salim Said is charged in Counts 16, 17, 18, 19, 32, 34, 36, 37, and 38 with the crime of Federal Programs Bribery on or about the dates listed on the verdict form. Abdulkadir Salah is charged in Counts 20, 22, and 24 with the crime of Federal Programs Bribery on or about the dates listed on the verdict form. The crime of Federal Programs Bribery, as charged in each of these counts has four elements, which are:

*One*, Abdikerm Eidleh was an agent of Feeding Our Future;

*Two,* before Eidleh engaged in a transaction to sponsor the defendant's participation in the Federal Child Nutrition Program, Eidleh and the defendant whose case you are considering corruptly reached an agreement under which the defendant corruptly gave or agreed to give money or something of value to Eidleh in connection with that sponsorship;

*Three*, Feeding our Future's sponsorship of the defendant's participation in the Federal Child Nutrition Program involved something of value of $5,000 or more; and

---

[111] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023) (modified).

*Four*, Feeding Our Future received benefits in excess of $10,000 pursuant to the Federal Child Nutrition Program in the one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.[112]

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of sponsoring food distribution sites in connection with the Federal Child Nutrition Program.

As used in this instruction, the term "corruptly" means that the defendant acted voluntarily and intentionally to influence or induce Abdikerm Eidleh to cause Feeding Our Future to sponsor the defendant's participation in the Federal Child Nutrition Program.

The United States cannot prove a defendant guilty of Federal Program Bribery by establishing that the defendant corruptly gave, offered, or agreed to give money of something of value to Eidleh *after* Eidleh engaged in any traction to sponsor the defendant's participation in the Federal child Nutrition Program. If you find that the United States has only prove that such a corrupt offer, agreement, or payment occurred after Eidleh engaged in a transaction sponsoring the defendant's participation in the Federal Child Nutrition Prgor4am, you must find the defendant whose case you are considering not guilty of the count you are considering.[113]

---

[112] 18 U.S.C. § 666(d)(5).
[113] *Snyder v. United States*, 603 U.S. 1 (2024).

If all the elements for Federal Program Bribery for the Count you are considering have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

<u>Federal Programs Bribery</u>[114]

(Abdulkadir Salah)

Abdulkadir Salah is charged in Count 40 with the crime of Federal Programs Bribery on or about the dates listed on the verdict form. The crime of Federal Programs Bribery, as charged in each of these counts has four elements, which are:

*One*, Aimee Marie Bock was an agent of Feeding Our Future;

*Two,* before Bock engaged in a transaction to sponsor the defendant's participation in the Federal Child Nutrition Program, Bock and Defendant Abdulkadir Salah corruptly reached an agreement under which Abdulkadir Salah corruptly gave or agreed to give money or something of value to Bock in connection with that sponsorship;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 pursuant to the Federal Child Nutrition Program in the one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.[115]

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of sponsoring food distribution sites in connection with the Federal Child Nutrition Program.

---

[114] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.666C (2023) (as modified).
[115] 18 U.S.C. § 666(d)(5).

As used in this instruction, the term "corruptly" means that the defendant acted voluntarily and intentionally to influence or induce Aimee Marie Bock to cause Feeding Our Future to sponsor the defendant's participation in the Federal Child Nutrition Program.

The United States cannot prove a defendant guilty of Federal Program Bribery by establishing that the defendant gave or agreed to give money or something of value to Bock *after* Bock engaged in any transaction to sponsor the defendant's participation in the Federal Child Nutrition Program. If you find that the United States has only proved that such an offer, agreement, or payment occurred after a transaction sponsoring the defendant's participation in the Federal Child Nutrition Program, you must find the defendant not guilty of the count you are considering.[116]

If all the elements for Federal Program Bribery for the Count you are considering been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.

---

[116] *Snyder v. United States*, 603 U.S. 1 (2024).

## JURY INSTRUCTION NO. 66

Federal Programs Bribery (Soliciting, Demanding, Accepting, Agreeing to Accept)

(Aimee Marie Bock)

Aimee Marie Bock is charged in Count 40 with the crime of Federal Programs Bribery on or about the dates listed on the verdict form. The crime of Federal Programs Bribery, as charged in Count 40 has four elements, which are:

*One*, Aimee Marie Bock was an agent of Feeding Our Future;

*Two,* before Bock engaged in a transaction to sponsor Defendant Abdulkadir Nur Salah's participation in the Federal Child Nutrition Program, Bock and Defendant Abdulkadir Salah corruptly reached an agreement under which Bock corruptly accepted or agreed to accept something of value from Salah in connection with that sponsorship;

*Three*, the transaction involved something of value of $5,000 or more; and

*Four*, Feeding Our Future received benefits in excess of $10,000 pursuant to the Federal Child Nutrition Program in the one-year period beginning no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.[117]

As used in this instruction, the term "agent" means a person authorized to act on behalf of Feeding Our Future for purposes of sponsoring food distribution sites in connection with the Federal Child Nutrition Program.

---

[117] 18 U.S.C. § 666(d)(5).

As used in this instruction, the term "corruptly" means that the defendant acted voluntarily and intentionally to influence or induce Aimee Marie Bock to cause Feeding Our Future to sponsor the defendant's participation in the Federal Child Nutrition Program.

The United States cannot prove Defendant Bock guilty of Federal Program Bribery by establishing that Defendant Bock accepted or agreed to accept money or something of value from Defendant Salah *after* engaging in any transaction to sponsor Defendant Salah's participation in the Federal Child Nutrition Program. If you find that the United States has only proved that such an agreement or payment occurred after a transaction sponsoring Defendant Salah's participation in the Federal Child Nutrition Program, you must find Defendant Bock not guilty of the count you are considering.[118]

If all the elements for Federal Program Bribery for the Count you are considering been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.]]

---

[118] *Snyder v. United States*, 603 U.S. 1 (2024).

<u>Conspiracy to Commit Concealment Money Laundering</u>

The crime of Conspiracy to Commit Concealment Money Laundering, as charged in Count 41 of the indictment, has four elements:

*One*, two or more people reached an agreement to commit the crime of concealment money laundering;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

**Element One**

Element One requires that two [or more] people reached an agreement to commit the crime of concealment money laundering.

Count 41 of the indictment charges conspiracy to commit concealment money laundering. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

<span style="color:red">[[DEFENDANTS' PROPOSED ADDITION:</span>

You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy.]]

The agreement between two of more people to commit the crime of concealment money laundering does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of concealment money laundering was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

**Element Two**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit concealment money laundering, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect. Earlier, in deciding whether two or more people reached an agreement to commit the crime of concealment money laundering, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit concealment money laundering by voluntarily and intentionally participating in the unlawful plan with the intent to

further the crime of concealment money laundering. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

[[DEFENDANTS' PROPOSED ADDITIONS:

Evidence that a person was present at the scene of an event or events, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.[119]

Similarly, merely discussing common goals, mere similarity of conduct between or among such persons, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.[120]]]

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

---

[119] *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 at 43-44 (June 5, 2024).
[120] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To decide whether the defendant agreed to commit the crime of concealment money laundering, you should consider the elements of that crime, which are as follows:

*One*, the defendant conducted or attempted to conduct a financial transaction, which in any way or degree affected interstate or foreign commerce;

*Two*, the defendant conducted or attempted to conduct the financial transaction with money that involved the proceeds of unlawful activity;

*Three*, at the time the defendant conducted or attempted to conduct the financial transaction, the defendant knew the money represented the proceeds of some form of unlawful activity; and

*Four*, the defendant conducted or attempted to conduct the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

[[GOVERNMENT'S PROPOSED ADDITION:

You may find that [the defendant] knew the purpose of the financial transaction was to conceal or disguise the nature, location, source, ownership or control of the proceeds of wire fraud if you find beyond a reasonable doubt that that defendant believed there was a high probability of such purpose and that [he] [she]

took deliberate actions to avoid learning of that fact. Knowledge may be inferred if the defendant [(name)] deliberately closed [his] [her] eyes to what would otherwise have been obvious to [him] [her]. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.[121]]] [[*Defendant objects to the inclusion of a Willful Blindness Instruction and it should not be incorporated.*]]

You may consider these elements in determining whether the defendant agreed to commit the crime of concealment money laundering, keeping in mind that this count of the indictment only charges a conspiracy to commit concealment money laundering and does not charge that concealment money laundering was committed.

**Element Three**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the

---

[121] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1956(B) (2023).

agreement to commit the crime of wire fraud simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement.

[[DEFENDANTS' PROPOSED ADDITIONS:

The agreement must be knowingly made or knowingly entered into by at least two people to commit the crime of concealment money laundering by some joint or common plan or course of action.[122]

Before the jury may find that any defendant, or any other person, became a member of the conspiracy charged in Count 1 of the indictment, the evidence in the case must show beyond a reasonable doubt that defendant whose case you are considering knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.[123]]]

Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

**Element Four**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the

---

[122] 2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.).
[123] 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.).

participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the United States prove that more than one act was done in furtherance of the agreement. It is sufficient if the government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

If all the elements for Conspiracy to Commit Concealment Money Laundering for Count 41 have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that count; otherwise, you must find the defendant not guilty of the crime charged under that count.[124]

---

[124] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 6.18.1957, 5.06A-1 (2023).

# JURY INSTRUCTION NO. __

[[DEFENDANTS' PROPOSED INSTRUCTION:

## Single Conspiracy

The indictment charges the defendants were members of one single conspiracy to commit the crime of concealment wire fraud.

One of the issues you must decide is whether there were really two (or more) separate conspiracies with different purposes and scopes. The United States must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of concealment wire fraud to the scope alleged in the indictment. If the United States fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that he or she was a member of some other conspiracy. Proof that the defendant was a member of some conspiracy other than the one alleged in the indictment is not enough to convict.[125]]]

---

[125] Eighth Circuit Model Jury Instructions, Criminal, § 5.06B (Revised October 2021) (modified); *United States v. Farah, et al.*, Case No. 22-cr-00124-NEB-DTS, Dkt. 545 (June 5, 2024).

# JURY INSTRUCTION NO. 68

## [[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Acts and Statements

If you determine that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.[126] ]]

## [[DEFENDANTS' PROPOSED ALTERNATIVE: [127]

### Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count ___ of the indictment to be co-conspirators of Defendant ___, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal[s].

---

[126] Eighth Circuit Model Jury Instructions, Criminal, § 5.06D (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[127] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 67.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count ___ of the indictment against Defendant ___.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant ___ and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.[128]]]

---

[128] 2 Fed. Jury Prac. & Instr. § 31:06 (6th ed.).

# JURY INSTRUCTION NO. <u>69</u>

<u>[[GOVERNMENT'S PROPOSED INSTRUCTION</u>

<u>Conspiracy: Co-Conspirator Liability</u>

If you find Abdi Nur Salah guilty of conspiring to commit the crime of concealment money laundering, you must then consider whether Abdi Nur Salah also committed the crime of concealment money laundering.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Abdi Nur Salah committed the crime of concealment money laundering:

*One*, some other defendant committed the crime of concealment money laundering, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the concealment money laundering was committed;

*Three*, that same defendant committed the crime of concealment money laundering in furtherance of the conspiracy;

*Four*, the concealment money laundering was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Abdi Nur Salah was also a member of the conspiracy at the time the concealment money laundering was committed.[129]]]

[[DEFENDANTS' PROPOSED ALTERNATIVE:[130]

---

[129] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[130] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 68.

## Responsibility for Substantive Offense

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[131]]

---

[131] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

# JURY INSTRUCTION NO. <u>70</u>

[[GOVERNMENT'S PROPOSED INSTRUCTION

### Conspiracy: Co-Conspirator Liability

If you find Salim Said guilty of conspiring to commit the crime of concealment money laundering you must then consider whether Salim Said also committed the crime of concealment money laundering.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Salim Said committed the crime of concealment money laundering:

*One*, some other defendant committed the crime of concealment money laundering, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the concealment money laundering committed;

*Three*, that same defendant committed the crime of concealment money laundering in furtherance of the conspiracy;

*Four*, the concealment money laundering was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Salim Said was also a member of the conspiracy at the time the concealment money laundering was committed.[132]]]

[[DEFENDANTS' PROPOSED ALTERNATIVE: [133]

---

[132] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[133] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial. If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 69.

## Responsibility for Substantive Offense

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant   guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[134]]

---

[134] 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.).

[[GOVERNMENT'S PROPOSED INSTRUCTION

Conspiracy: Co-Conspirator Liability

If you find Abdulkadir Nur Salah guilty of conspiring to commit the crime of concealment money laundering, you must then consider whether Abdulkadir Nur Salah also committed the crime of concealment money laundering.

Because a member of a conspiracy is responsible for a crime committed by any other member of the conspiracy, the following elements must be proved in order for you to find that Abdulkadir Nur Salah committed the crime of concealment money laundering:

*One*, some other defendant committed the crime of concealment money laundering, as set forth in Jury Instruction No. XX,

*Two*, that same defendant was a member of the conspiracy at the time the concealment money laundering was committed;

*Three*, that same defendant committed the crime of concealment money laundering in furtherance of the conspiracy;

*Four*, the concealment money laundering was within the scope of the conspiracy, or was reasonably foreseeable as a necessary, or natural consequence of the conspiracy; and

*Five*, Abdulkadir Nur Salah was also a member of the conspiracy at the time the concealment money laundering was committed.[135] ]]

[[DEFENDANTS' PROPOSED ALTERNATIVE: [136]

---

[135] Eighth Circuit Model Jury Instructions, Criminal, § 5.06E (Revised October 2021) (modified). (Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose instead the language immediately below.)

[136] Defendants reserve the right to object to any version of this instruction being given based on the evidence adduced at trial.  If the Court elects to give such an instruction, Defendants propose this version instead of the government's proposed Jury Instruction No. 70.

<u>Responsibility for Substantive Offense</u>

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven Defendant  guilty of conspiracy beyond a reasonable doubt, as charged in Count  of the indictment, you may also find Defendant  guilty of the crime alleged in any other count of the indictment in which [he] [she] is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense of  as described in Count  of the indictment was committed by a member of the conspiracy as detailed in Count  of the indictment;

Two: The substantive crime of  was committed during the existence or life of and in furtherance of the goal(s) or objective(s) of the conspiracy detailed in Count  of the indictment; and

Three: At the time that this offense was committed, Defendant was a member of the conspiracy detailed in Count XX of the indictment.[137]]]

---

**<span style="color:red">[[FOR THE MONEY LAUNDERING COUNTS, THE GOVERNMENT PROPOSES INSTRUCTIONS 72 THROUGH 81. THE DEFENSE ALTERNATIVELY PROPOSES INSTRUCTION 82.]]</span>**

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Salim Said)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 42 of the indictment, has five elements:

*One*, on or about February 24, 2021, Said Farah knowingly caused the payment of $47,000 toward the purchase of a 2021 Chevrolet truck;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Salim Said knew that the payment involved proceeds of a criminal offense;

*Four*, the payment of the check took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[138]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 42 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

For all counts charging the crime of Engaging in Monetary Transactions in

---

[138] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1957.

Property Derived from Unlawful Activity, the following rules and definitions apply.

A defendant may be found to have attempted to conduct a financial transaction if he or she intended to conduct a financial transaction and voluntarily and intentionally carried out some act which was a substantial step toward conducting that financial transaction, even if the transaction was never completed.

The term "conducted," as used in this Instruction, includes initiating, concluding, or participating in initiating or concluding a transaction.

The phrase "financial transaction," as used in this Instruction, means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means and/or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The phrase "financial institution" includes each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern, as a bank and/or money services business. Individuals, groups of individuals, and businesses not formally established as financial institutions, may in fact be a financial institution if they act in one of the capacities I have listed.

The phrase "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The term "commerce" includes, among other things, travel, trade,

transportation and communication.

It is not necessary for the United States to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. All that is necessary is that interstate or foreign commerce was affected as a natural and probable consequence of the defendant's actions.

[[GOVERNMENT'S PROPOSED ADDITION: The term "proceeds" means any property, or any interest in property, that someone derives from, or obtains or retains, either directly or indirectly, as a result of the commission of wire fraud. It includes the gross receipts of wire fraud. Proceeds can be any kind of property, not just money. It can include personal property, like a car or a piece of jewelry, or real property, like an interest in land. So, for example: if someone robs a bank, the money he takes from the teller is the proceeds of the bank robbery; and if someone steals a car, the car is the proceeds of the theft.[139]]]

The Government is not required to trace the property it alleges to be proceeds of wire fraud to a particular underlying offense. It is sufficient if the Government proves that the property was the proceeds of wire fraud generally.

The Government need not prove that all of the property involved in the transaction or the transmission or transfer was the proceeds of wire fraud. It is sufficient if the Government proves that at least part of the property represents such proceeds.

---

[139] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1957.

[[GOVERNMENT'S PROPOSED ADDITION: The phrase "knew the money represented the proceeds of some form of unlawful activity," means that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under state or federal law. Thus, the Government need not prove that the defendant specifically knew that the money involved in the financial transaction represented the proceeds of wire fraud or any other specific offense; it need only prove that the defendant knew it represented the proceeds of some form, though not necessarily which form, of felony under state or federal law. I instruct you as a matter of law that wire fraud is a felony under federal law.[140]]]

*[If the Court elects to use the government's approach to the money laundering counts, Defendants object to the inclusion of the proposed additions above]*

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 42 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[140] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1957.

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Salim Said)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 44 of the indictment, has five elements:

*One*, on or about March 4, 2021, Salim Said knowingly caused to be made a payment of approximately $114,887 toward the purchase of a 2021 Cadillac;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Salim Said knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[141]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 44 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[141] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>74</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Salim Said)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 51 of the indictment, has five elements:

*One*, on or about July 1, 2021, Salim Said knowingly caused to be made a payment of approximately $575,000 toward the purchase of a single-family home located in Plymouth, Minnesota;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Salim Said knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[142]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 51 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[142] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>75</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Salim Said)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 52 of the indictment, has five elements:

*One*, on or about July 26, 2021, Salim Said knowingly caused to be made a payment of approximately $2,735,000 toward the purchase of a commercial building located on Park Avenue South in Minneapolis;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Salim Said then knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[143]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 52 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[143] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

**JURY INSTRUCTION NO. <u>76</u>**

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Abdulkadir Salah)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 52 of the indictment, has five elements:

*One*, on or about July 26, 2021, Abdulkadir Salah knowingly caused to be made a payment of approximately $2,735,000 toward the purchase of a commercial building located on Park Avenue South in Minneapolis;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdulkadir Salah then knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[144]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 52 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[144] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>77</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Salim Said)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 57 of the indictment, has five elements:

*One*, on or about August 30, 2021, Salim Said knowingly caused to be made a payment of approximately $2,400,000 toward the purchase of a commercial building located on Stelzer Road in Columbus, Ohio;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdimajid Nur knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[145]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 57 have been proved beyond a reasonable doubt, then you must find Salim Said guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[145] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>78</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Abdulkadir Salah)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 57 of the indictment, has five elements:

*One*, on or about August 30, 2021, Abdulkadir Salah knowingly caused to be made a payment of approximately $2,400,000 toward the purchase of a commercial building located on Stelzer Road in Columbus, Ohio;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdulkadir Salah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[146]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 57 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Salim Said not guilty of the crime charged under that count.

---

[146] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>79</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Abdulkadir Salah)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 58 of the indictment, has five elements:

*One*, on or about October 22, 2021, Abdulkadir Salah knowingly caused to be made a payment of approximately $1,000,000 toward the purchase of a property located in Brooklyn Park, Minnesota;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdulkadir Salah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[147]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 58 have been proved beyond a reasonable doubt, then you must find Abdulkadir Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.

---

[147] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

## JURY INSTRUCTION NO. <u>80</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Abdi Nur Salah)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 58 of the indictment, has five elements:

*One*, on or about October 22, 2021, Abdi Nur Salah knowingly caused to be made a payment of approximately $1,000,000 toward the purchase of a property located in Brooklyn Park, Minnesota;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdi Nur Salah knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[148]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 58 have been proved beyond a reasonable doubt, then you must find Abdi Nur Salah guilty of the crime charged under that count; otherwise, you must find Abdulkadir Salah not guilty of the crime charged under that count.

---

[148] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. <u>81</u>

<u>Engaging in Monetary Transactions in Property Derived from Unlawful Activity</u>

<u>(Abdi Nur Salah)</u>

The crime of Engaging in Monetary Transactions in Property Derived from Unlawful Activity, as charged in Count 59 of the indictment, has five elements:

*One*, on or about October 29, 2021, Abdi Nur Salah knowingly caused to be made a payment of approximately $386,000 toward the purchase of a residential property located on 12th Avenue South in Minneapolis;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, Abdi Nur Salah then knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.[149]

If all the elements for Engaging in Monetary Transactions in Property Derived from Unlawful Activity for Count 59 have been proved beyond a reasonable doubt, then you must find Abdi Nur Salah guilty of the crime charged under that count; otherwise, you must find Abdi Nur Salah not guilty of the crime charged under that count.

---

[149] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

# JURY INSTRUCTION NO. 82

## [[FOR THE MONEY LAUNDERING COUNTS, THE GOVERNMENT PROPOSES INSTRUCTIONS 72 THROUGH 81. THE DEFENSE ALTERNATIVELY PROPOSES INSTRUCTION 82.]]

### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity

Salim Said is charged in Counts 42, 44, 51, 52, and 57 with the crime of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity on or about the dates listed on the verdict form. Abdulkadir Nur Salah is charged in Counts 52, 57, and 58 with the crime of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity on or about the dates listed on the verdict form. Abdi Nur Salah is charged in Counts 58 and 59 with the crime of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity on or about the dates listed on the verdict form. The crime of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, as charged in each of these counts, has five elements:

*One*, on or about the date listed on the verdict form for each Count, the defendant knowingly caused to be made the payment described on the verdict form for that Count;

*Two*, that payment was of a value greater than $10,000 derived from wire fraud;

*Three*, the defendant knew that the payment involved proceeds of a criminal offense;

*Four*, the payment took place within the United States; and

*Five*, the payment in some way or degree affected interstate commerce.

A defendant may be found to have attempted to conduct a financial transaction if he or she intended to conduct a financial transaction and voluntarily and intentionally carried out some act which was a substantial step toward conducting that financial transaction, even if the transaction was never completed.

The term "conducted," as used in this Instruction, includes initiating, concluding, or participating in initiating or concluding a transaction.

The phrase "financial transaction," as used in this Instruction, means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means and/or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The phrase "financial institution" includes each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern, as a bank and/or money services business. Individuals, groups of individuals, and businesses not formally established as financial institutions, may in fact be a financial institution if they act in one of the capacities I have listed.

The phrase "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The term "commerce" includes, among other things, travel, trade,

transportation and communication.

If all the elements for Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity for the Count you are considering have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under that Count; otherwise, you must find the defendant not guilty of the crime charged under that Count.

## JURY INSTRUCTION NO. <u>83</u>

<u>Good Faith</u>

One of the issues in this case is whether the defendant acted in good faith. Good faith is a complete defense to the crime of wire fraud. [[DEFENDANTS' PROPOSED ADDITIONS: and federal programs bribery, and to alleged conspiracies to commit those offenses.]] If the defendant did not act with the intent to defraud and/or the intend to obtain money or property by means of false or fraudulent pretenses, representations, or promises, [[or with corrupt intent[150]]] which is an element of the charge. The essence of the good faith defense is that one who acts with

---

[150] *United States v. Collier*, 66 F.3d 320 (5th Cir. 1995) ("the district court went on to explain that because the Government was required to prove that the defendant's intent was corrupt, good faith was a complete defense to the bribery charge.").

honest intentions cannot be convicted of a crime requiring fraudulent [[or corrupt]] intent.

Good faith includes, among other things, an opinion or belief that is honestly held, even if the opinion is in error or the belief is mistaken.

[[DEFENDANTS' PROPOSED ADDITIONS:

Good faith also encompasses, among other things, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.[151]

An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.[152]]]

However, even though a defendant honestly held a certain opinion or belief (such as a belief that a business venture would ultimately succeed, that investors would make a profit, or that investors would not lose money), a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises, or otherwise acted with the intent to defraud or deceive another [or with

---

[151] 1A Fed. Jury Prac. & Instr. § 19:06 (7th ed.).
[152] 1A Fed. Jury Prac. & Instr. § 19:06 (7th ed.).

corrupt intent]. Proof of fraudulent intent requires more than proof that a defendant only made a mistake in judgment or management, or was careless.

The Government has the burden of proving beyond a reasonable doubt that the defendant acted with the intent to defraud and/or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises

[[DEFENDANTS' PROPOSED ALTERNATIVE: For the wire fraud and wire fraud conspiracy charges, the Government has the burden of proving beyond a reasonable doubt that the defendant acted with the intent to defraud and/or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. For the federal programs bribery and bribery conspiracy counts, the Government has the burden of proving beyond a reasonable doubt that the defendant acted with corrupt intent. The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.[153]]]

Evidence that the defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether or not the defendant acted with the intent to defraud and/or the intent to obtain money or property by

---

[153] 1A Fed. Jury Prac. & Instr. § 19:06 (7th ed.).

means of false or fraudulent pretenses, representations, or promises [or with a corrupt intent].[154]

 [[DEFENDANTS' PROPOSED ADDITION:

 If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with the intent to defraud, with corrupt intent, or in good faith, you must find that defendant not guilty of the count you are considering.]]

---

[154] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 9.08A (2023).

**JURY INSTRUCTION NO. <u>84</u>**

<u>Intent</u>

Intent may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.[155]

---

[155] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 7.05 (2023).

# JURY INSTRUCTION NO. <u>85</u>

[[DEFENDANTS' PROPOSED INSTRUCTION:

### "Knowingly" Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the Defendant charged in the count you are considering, means that he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her, and did not act because of ignorance, mistake, or accident.[156]]]

---

[156] 1A Fed. Jury Prac. & Instr. § 17:04 (7th ed.) (modified)

# JURY INSTRUCTION NO. <u>86</u>

## [[GOVERNMENT'S PROPOSED INSTRUCTION:

### Deliberate Ignorance / Willful Blindness

You may find that a defendant acted knowingly if you find beyond a reasonable doubt that he believed there was a high probability that a certain fact or set of facts existed, and that he took deliberate actions to avoid learning of those facts. Knowledge may be inferred if the defendant deliberately closed the defendant's eyes to what would otherwise have been obvious to the defendant. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. You may not find the defendant acted "knowingly" if you find the defendant was merely negligent, careless, or mistaken as to the facts in question.[157]]]

[[Defendants object to the inclusion of a deliberate ignorance or willful blindness instruction]]

---

[157] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 7.04 (2023) (as modified).

## JURY INSTRUCTION NO. <u>87</u>

<u>Types of Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.[158]

---

[158] O'Malley, Grenig, and Lee, 1A Federal Jury Practice and Instructions, § 12.04 (6th ed.).

## JURY INSTRUCTION NO. <u>88</u>

<u>Separate Crime</u>

A separate crime is alleged against the defendant in each count of the Indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against him or her. You must give separate and individual consideration to each charge.[159]

---

[159] O'Malley, Grenig, and Lee, 1A Federal Jury Practice and Instructions § 12.13 (6th ed.).

## JURY INSTRUCTION NO. 89

### [[DEFENDANTS' PROPOSED INSTRUCTION:

### Theory of Defense

At the close of trial, all defendants reserve the right to seek a theory of defense instruction.]]

# JURY INSTRUCTION NO. <u>90</u>

<u>Duty to Deliberate; Punishment Not a Factor; Verdict Form</u>

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the United States has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.

I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous as to each count. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[160]

---

[160] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.12 (2023).