# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-223 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| AIMEE MARIE BOCK (1), SALIM AHMED SAID (3), ABDULKADIR NUR SALAH (4), AND ABDI NUR SALAH (6), | |
| Defendants. | |

---

Defendants are charged in the indictment with wire fraud, federal programs bribery, money laundering, and conspiracy to commit those crimes. (ECF No. 1.) Trial is set to begin on February 3, 2025. (ECF Nos. 317, 359.) The government filed ten motions in limine, (ECF Nos. 410–418, 434), to which Defendants Abdulkadir Salah and Bock objected. (ECF Nos. 450, 455–56.) Defendants filed twenty motions in limine. (ECF Nos. 407, 423–433, 441–448.) Salim Said moved to join ten of those motions. (ECF Nos. 458–466.) The Court held a pretrial conference on January 16, 2025, at which the parties argued the motions. (ECF No. 479.) With this Order, the Court supplements and clarifies its rulings made during the hearing.

I.    **Government's Motions in Limine**[1]

A.    **ECF No. 410 – Attorney-Client Privilege Waiver**

The indictment alleges that Bock sued the Minnesota Department of Education ("MDE") after MDE began pressing Bock for clarification regarding MDE's concerns about meal counts and oversight of sponsored meal sites. (*See* ECF No. 1 ¶ 34.) Bock brought this suit through her attorney Rhyddid Watkins. (*See* ECF No. 410 at 1; ECF No. 474 at 3, (restricted document.)) Because Watkins appears on Bock's witness list, the government asks the Court for a ruling that Bock waives her attorney-client privilege if she calls Watkins as a witness. Bock "considers it unlikely that she will call Feeding Our Future's former attorney." (ECF No. 456 at 2.[2]) She reiterated that point at the pretrial conference. And if she does, "any testimony she would elicit would be factual in nature, not legal advice." (*Id.*) The Court declines to rule on the motion because it is not ripe for decision.

B.    **ECF No. 411 – Advice-of-Counsel and Mistake-of-Law Defenses**

The government moves to preclude Defendants from using two defenses: advice-of-counsel and mistake-of-law. As the government recognizes, no Defendant has indicated an intent to use an advice-of-counsel defense. (ECF No. 411 at 1; *see also* ECF

---

[1] Aimee Bock joins Abdulkadir Salah's opposition to the government's motions in limine. (ECF No. 455 at 1.)

[2] Page numbers reflect CM/ECF pagination unless otherwise noted.

No. 450 at 2.) And under the traditional rule, mistake-of-law is not a valid defense. *Bryan v. United States*, 524 U.S. 184, 195 (1998). To the extent that the government's motion restates the law, the motion is granted.

Abdulkadir Salah argues the government's motion conflates a mistake-of-law defense with a mistake-of-fact defense. (ECF No. 450 at 3–5.) "Given the complexity of the [Federal Child Nutrition Program] regulations and waivers," Salah "should be given every right to argue that he made a mistake of fact regarding relevant program rules that prevented him from forming any intent to defraud." (*Id.* at 5.) At trial, Salah will be allowed to make such an argument.

### C.    ECF No. 412 – Jury Nullification

The government moves to preclude Defendants from using argument or evidence designed to elicit jury nullification. Abdulkadir Salah recognizes this "uncontroversial principle." (ECF No. 450 at 5.) To the extent that the government's motion restates the law, the motion is granted.

Salah, however, interprets the government's motion as an attempt to "limit the defense's right to cross-examine witnesses based on bias." (ECF No. 450 at 8; *see also id.* at 7 ("Defendants have a broad Constitutional right to develop arguments of bias by government witnesses.).)

Exposing a witness's motivation in testifying is a proper function of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678–79 (1986). "It does not follow, of

course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness." *Id.* at 679. The Court "may properly limit cross-examination on inherently speculative theories of bias, where the defendant is unable to lay a proper evidentiary foundation." *United States v. Sanabria*, 645 F.3d 505, 514 (1st Cir. 2011) (citations and quotation marks omitted); *United States v. Williams*, 796 F.3d 951, 961 (8th Cir. 2015) (relying on *Sanabria* and holding that the district court did not abuse its discretion in limiting cross-examination where defendant "had no good-faith basis to believe that the officers had planted a handgun"). The parties may raise objections at trial to individual questions.

### D. ECF No. 413 – Laying Proper Foundation

The government moves "to preclude the defense from attempting to introduce hearsay materials and, through government witnesses and in the presence of the jury, defense exhibits that lack proper foundation and authentication." (ECF No. 413 at 1.) If establishing foundation for a given piece of evidence requires disclosure of its contents to the jury, the Court will consider doing so outside the presence of the jury. *See United States v. Robinson*, 110 F.3d 1320, 1326 (8th Cir. 1997) (concluding no plain error where "the District Court conducted a hearing outside the presence of the jury . . . and determined that this evidence was admissible."). The Court denies the motion as

premature, but cautions the parties to lay foundation in such a way that does not disclose an exhibit's contents to the jury.

### E.    ECF No. 414 – Adequacy of Government's Investigation

The government moves to preclude references to "investigative steps not taken" by law enforcement. (ECF No. 414 at 1.) Abdulkadir Salah responds that such a motion "would be contrary to Eighth Circuit precedent." (ECF No. 450 at 10–11 (citing *United States v. Cox*, 627 F.3d 1083, 1086 (8th Cir. 2010).)

In *Cox*, the Eighth Circuit affirmed a felon-in-possession conviction. 627 F.3d at 1086. At trial, "defense counsel brought out the fact that neither the gun nor the gun case was tested for fingerprints after being recovered from the stolen car." *Id.* During deliberations, the jury asked whether they could find the defendant not guilty based on officers' failure to obtain fingerprints. *Id.*

> The district court's response properly directed the jury away from this line of reasoning—"There is no legal requirement that fingerprints be taken"—back to the proper focus of whether the charged offense had been proved beyond a reasonable doubt. At the same time, the court explained that the jury could consider the absence of fingerprint evidence as relevant to the reasonable-doubt inquiry.

*Id.* The Court will take each objection as it comes, and retains discretion to limit questioning based on lack of relevance.

### F.    ECF No. 415 – Lawful Behavior

The government moves to exclude evidence of Defendants' lawful behavior on occasions not charged in the indictment, except in accord with Federal Rule of Evidence

405(a). Abdulkadir Salah argues this motion is improper because it would prevent Defendants "from introducing properly admissible evidence which may be critical to their defenses." (ECF No. 450 at 14.) For example, to rebut the allegation that the businesses referenced in the indictment were "shell companies," Defendants "may seek to offer evidence that these alleged 'shell companies' were in fact legitimate businesses that served and delivered, or supported the delivery of, food." (*Id.* at 15.) The Court will take each objection as it comes. The motion is denied as premature.

### G.    ECF No. 416 – Punishment and Sentencing

The government moves to preclude references to Defendants' "potential punishment, penalty, sentence, or collateral consequence that [they] may face if convicted at trial." (ECF No. 416 at 1.) Such references are improper at trial. *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990). The Court notes that the parties have already agreed on a jury instruction following this law. (ECF No. 419 at 183.) The motion is granted.

### H.    ECF No. 417 – Selective Prosecution

The government moves to preclude references to the government's charging decisions and any selective prosecution argument.

In a selective prosecution claim, a defendant must show that "(1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (citation omitted). That claim "must be raised before trial." Fed. R. Crim. P.

12(b)(3)(A)(iv). Otherwise, it is waived. *United States v. Huber*, 404 F.3d 1047, 1054 (8th Cir. 2005). Unless properly raised in a pretrial motion, defense counsel will not be allowed to argue that their client was singled out for prosecution.[3] To the extent that the government's motion moves to preclude selective prosecution arguments at trial, the motion is granted.[4]

Abdulkadir Salah argues that such a motion "is at odds with the defendants' fundamental right to present a complete defense." (ECF No. 450 at 17.) As noted above, inquiring into a witness's motivation for testifying is proper. *Van Arsdall*, 475 U.S. at 678–79. But the Court will not allow questioning that suggests "similarly situated" individuals were not prosecuted and that "the decision to prosecute was motivated by a

---

[3] Bock points the Court to *United States v. Leathers*, 354 F.3d 955 (8th Cir. 2004), for the proposition that "it may be appropriate to allow testimony concerning the Government's charging decisions related to selective or vindictive prosecution." (ECF No. 455 at 2.) But in *Leathers*, the Eighth Circuit denied the defendant's selective prosecution claim. *See* 354 F.3d at 963 ("Leathers's argument that others similarly situated have not been federally prosecuted is factually incorrect."). *Leathers* does not change the default rule that selective prosecution claims must be raised pretrial. *United States v. Schlegel*, 668 F. App'x 187, 188 (8th Cir. 2016) ("Schlegel next raises a claim of selective prosecution—a claim that is waived because it is meritless and was not raised before trial." (citing *Huber*, 404 F.3d at 1054–55)).

[4] Abdulkadir Salah argues the Court should deny the motion as moot, as the Court did in *United States v. Farah*, 22-124. (ECF No. 447.) But there, no defendant suggested he might bring a selective prosecution claim. Bock has discussed selective prosecution, without filing a formal motion, so the Court's ruling is necessary.

discriminatory purpose." *Hirsch*, 360 F.3d at 864. Such questioning is improper under the rule that selective prosecution claims must be asserted before trial.

### I.    ECF No. 418 – Witness Sequestration

The government moves to sequester potential witnesses, except for FBI Special Agent Jared Kary, FBI Special Agent Travis Wilmer, and FBI Forensic Accountant Pauline Roase. Although Abdulkadir Salah "does not object to the normal custom in this District of exempting one case agent from sequestration under [Federal Rule of Evidence] 615(a)(2)," he does argue that the government should not be allowed two additional exemptions. (ECF No. 450 at 20.)

If the government wants another person to be excluded from the sequestration order, that person must fall under Federal Rule of Evidence 615(a)(3). Under Rule 615(a)(3), the government must show that the person is "essential to presenting the party's claim or defense." The Court has "wide latitude" regarding sequestration orders. *United States v. Engelmann*, 720 F.3d 1005, 1012 (8th Cir. 2013) (citation omitted). At the pretrial conference, the Court was satisfied with the government's argument for the necessity of exempting the two agents and one forensic accountant from sequestration. The motion is granted.[5]

---

[5] Per Abdulkadir Salah's request, and under Rule 615(b), the Court will also "prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom" and "prohibit excluded witnesses from accessing trial testimony."

*J.*    **ECF No. 434 – Witness Recall**

The government asks the Court to allow "witnesses to be recalled to facilitate the presentation of evidence at trial." (ECF No. 434 at 1.) The motion is premature; the Court reserves ruling on the issue unless and until it becomes ripe at trial.

**II.    Defendants' Motions in Limine[6]**

*A.*    **ECF No. 407 – Failure to Report Income**

Abdi Salah moves to exclude evidence that, in his role as Senior Policy Advisor to the Mayor of Minneapolis, he failed to disclose income to his employer. (ECF No. 407 at 1.) The government responds that this evidence is (1) intrinsic to the charged crimes and (2) admissible prior bad act evidence. (ECF No. 452 at 1.) As a preliminary ruling, the Court agrees with the government that a failure to report income may be intrinsic to the crime charged. *See United States v. Ryan*, 213 F.3d 347, 350–51 (7th Cir. 2000) (finding no abuse of discretion where district court allowed evidence of failure to report income as "circumstantial evidence of intent to defraud" (citation omitted)). The motion is denied.

---

[6] Salim Said moves to join Abdulkadir Salah's motions in limine. (ECF Nos. 458–466.) The first two motions, (ECF Nos. 458 and 459), are denied. Those two motions are wholly individualized to evidence relating to Abdulkadir Salah. Said's remaining motions (ECF Nos. 460–466) are granted. The Court treats Abdulkadir Salah's motions are raised both by him and by Salim Said.

Abdi Salah may bring an objection at trial so the Court can consider the evidence with more specificity and context.

### B.    ECF No. 423 – Alleged Gang Affiliation

Abdulkadir Salah moves to preclude the government from introducing evidence that suggests he is affiliated with a gang. The government responds that "it likely will not seek to introduce this evidence at trial." (ECF No. 452 at 4.) The Court grants the motion on a preliminary basis. At this point, the Court has not seen the evidence in dispute, nor has the Court heard from the government about its admissibility. The Court reserves judgment on admissibility unless and until the issue becomes ripe at trial.

### C.    ECF No. 424 – Immigration and Tax Records

Abdulkadir Salah moves to preclude the government from introducing certain immigration and tax records.

According to the government, the immigration record at issue is an Executive Office for Immigration Review ("EOIR") form on which Salah stated his income from Safari Restaurant was $0 per week. (ECF No. 452 at 6–7.) The government contends that this misrepresentation "is intrinsic" to the overall alleged scheme. (*Id*. at 7.) The tax records are 1099 forms that the government purports include "bogus" Tax Identification Numbers ("TINs"). (*Id*. at 8–9.) The government contends the forms will show that an

entity affiliated with Salah included these "bogus" TINs "to frustrate IRS efforts to investigate the flow of funds—in short, to help conceal fraud proceeds." (*Id.* at 9.)

In response, Salah notes the complexity of the immigration form, and that the form was completed by an attorney, not Salah. On the tax records, he argues that the government is unable to show any purposeful misstatement. Those are colorable arguments that go to weight, not admissibility. The motion is denied. If the government decides to admit the immigration and tax forms at trial, the Court will limit testimony appropriately under Federal Rule of Evidence 403, so as to avoid a mini-trial on each record.

### D.    ECF No. 425 – Leading Questions and Lay Testimony

In this motion, Abdulkadir Salah makes two requests. First, he asks the Court to preclude the government from "asking leading questions of its witnesses on direct examination." (ECF No. 425 at 1.) The Court will take objections as they come. The motion is premature.

Second, Salah asks the Court to prevent improper lay testimony. (*Id.*) He notes examples from the *Farah* trial where government witnesses were asked if certain quantities of foods were "a lot." (*Id.* at 2–3.) In response, the government anticipates calling witnesses who have worked in restaurants and operated food programs. It contends that these potential witnesses "can provide their lay opinions as to whether the number of meals defendants claimed were prepared in and/or served from the kitchens

of small restaurants . . . seem high given the timeframe of such claims." (ECF No. 452 at 12.) As a preliminary observation, the Court notes that lay opinion testimony "is admissible if the witness has 'personal knowledge' or 'perceptions based on industry experience.'" *Jain v. CVS Pharm., Inc.*, 779 F.3d 753, 758 (8th Cir. 2015) (citation omitted). Lay opinion testimony based on food service industry experience may be admissible. The Court, however, will reserve ruling on the issue until trial.

### E.    ECF No. 426 – Exclusion of Certain Words

Abdulkadir Salah asks the Court to restrict use of the words "victims, "fraud", "scams," and "any other legally conclusory terms in the trial proceedings in this case." (ECF No. 426 at 1.) The government has two responses. First, it notes that using the word "victim" in trial is not prejudicial. (ECF No. 452 at 14.) Second, it contends that "a witness's informal use of a term that may also be legal in character does not inexorably turn that testimony into improper 'legal conclusion' evidence." (*Id*. at 15.)

Words like "fraud" and "scam" are not inherently inadmissible. *United States v. Locke*, 643 F.3d 235, 242 (7th Cir. 2011) ("[E]ach witness explained why the loan in question would have been disapproved by using 'fraud' or 'misrepresentation' in a colloquial sense, employing the vernacular of their financial professions."); *see also United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (no plain error where jury instruction included word "victim"). This issue is best addressed during trial with specific objections.

Accordingly, the Court denies the motion with leave to assert appropriate objections during trial.

### F.    ECF No. 427 – Expert and Lay Testimony

Abdulkadir Salah asks the Court to preclude improper expert testimony and improper lay testimony. The motion focuses on FBI Supervisory Forensic Accountant Mark Danielson. Salah raises a concern that Danielson might offer improper dual-role testimony (ECF No. 427 at 1, 3.)

The government responds that Danielson will testify to "the concepts underlying money laundering," and that he will not "be called upon to apply those concepts to any particular transactions." (ECF No. 452 at 17.) And the government states it will not call Danielson to testify about his involvement in the investigation of this case. (*Id.*) To the extent that Salah's motion seeks to exclude Danielson from offering dual-role testimony, the motion is denied as moot based on the government's representations.

Next, Salah moves to preclude Danielson from offering expert testimony. Again, based on the government's representations, the motion is denied. Should the government's use of Danielson change, the Court will take each objection as it comes. Finally, Salah argues that expert testimony is not necessary to "aid the trier of fact in understanding the basic banking transactions (e.g., deposits, withdrawals, etc.) at issue

in this case." (ECF No. 427 at 4–5.) Should the government seek to present Danielson as an expert, Salah may object at that time.

### G.    ECF No. 428 – Voir Dire

Abdulkadir Salah makes two requests regarding voir dire: (1) attorney voir dire and (2) questions about potential jurors' implicit and explicit biases. The motion is denied as moot. During the pretrial conference the Court explained how it will conduct voir dire.

### H.    ECF No. 429 – Authenticating Video Evidence

Abdulkadir Salah asks for clarification regarding the requirements to lay foundation for the admissibility of video recordings "even if the precise date of the video is not established." (ECF No. 429 at 1.) The government notes that the only video on Salah's exhibit list is law enforcement video surveillance. Given that the Eighth Circuit uses a flexible and non-exhaustive list of factors to authenticate videos, *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022) (citing *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974)), the Court cannot provide Salah a rigid rule on the admissibility of video recording evidence. The motion is denied as premature. Should Salah seek to admit a video recording at trial, the Court will then rule on admissibility.

### I.    ECF No. 430 – Peremptory Strikes

Abdulkadir Salah asks for eighteen peremptory strikes to be allocated among the four Defendants. The government responds that ten strikes—the Local Rules' default number—is appropriate. In the seven-defendant *Farah* trial, the Court allowed the

government ten strikes and the defendants eighteen strikes. For this four-defendant trial, the government will have eight peremptory strikes; the Defendants will have fourteen.

### J.    ECF No. 431 – Evidence of Other Conspiracies

Abdulkadir Salah requests an order precluding the government from introducing evidence of "other conspiracies not charged in the indictment." (ECF No. 431 at 1.) The motion is denied. First, Salah is alleged to have been a part of a single conspiracy that includes co-conspirators not charged in this particular indictment. *United States v. Longs*, 613 F.3d 1174, 1176 (8th Cir. 2010) ("A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." (citation omitted)). Evidence pertaining to other co-conspirators not charged in this indictment is not *per se* inadmissible against Salah. Second, the parties have proposed a "Separate Crime" jury instruction, (ECF No. 419 at 181), which can guard against any "spillover" effect. *Cf. United States v. Sanchez*, 789 F.3d 827, 836 (8th Cir. 2015) (affirming conviction where "the district court gave the jury the Eighth Circuit Model Jury Instruction on single versus multiple conspiracies, which 'provided strong protection against prejudice from any spillover evidence.'" (citation omitted)).

### K.    ECF No. 432 – Co-conspirator Hearsay

Abdulkadir Salah requests an order "excluding and restricting improper co-conspirator hearsay." (ECF No. 432 at 1.) In the Eighth Circuit, the admission of co-

conspirator statements is governed by *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978.) Salah, however, argues that "the Court should consider not following the *Bell* conditional-admission procedure for any alleged co-conspirator statement that does not involve a co-conspirator whose conduct is clearly within the scope of *this* Indictment's language." (ECF No 432 at 3.)

The Court finds no reason to depart from the *Bell* procedure. Salah's proposed alternative would be unmanageable. The motion is denied.

### L.    ECF No. 433 – Admissibility of Email to MDE

Abdulkadir Salah moves to exclude "hearsay emails that are inadmissible both under the [Federal] Rules of Evidence and the Confrontation Clause." (ECF No. 433 at 1.) The dispute is over Exhibit A-70, an email sent to MDE employees with the subject line "open your eyes." (ECF No. 451.)

As to the objection brought under the Federal Rules of Evidence, the email may be admissible for its effect on the listener, but the Court will reserve ruling until trial.

As to the Confrontation Clause objection, the Sixth Amendment limitation applies "only to statements that are testimonial." *United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020). To be testimonial, the statement must be given "with the primary purpose of creating an out-of-court substitute for trial testimony." *Ohio v. Clark*, 576 U.S. 237, 250–51 (2015) (citation and quotation marks omitted). Exhibit A-70 is an email from an unidentified sender to the Minnesota Department of Education in which the sender

complains about Aimee Bock: "aimee is the fraud that steals our money. she doesnt pay

us." (*sic*.) The email is not testimonial. Though the email was sent to a state agency, there

is no evidence that the email was sent "to establish or prove past events potentially

relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

### *M.*    **ECF No. 441 – Exclusion of Four Categories of Evidence**

Aimee Bock moves to exclude evidence relating to four specific categories of

information: (1) Handy Helpers and Empress Watson, Jr.; (2) a policies and procedures

manual for afterschool programs created by School Age Consultants; (3) unrelated sites

or vendors; and (4) Feeding Our Future's administrative fee. Bock's arguments go to

weight, not admissibility. In addition, even if some of this evidence was not referenced

in the indictment, "[i]n a charge of conspiracy, the government is not limited to proof of

the overt acts charged in the indictment" *United States v. Coleman*, 349 F.3d 1077, 1088 (8th

Cir. 2003) (citation omitted). The motion is denied.

### *N.*    **ECF No. 442 – Federal Programs Bribery**

Bock moves to exclude evidence relating to the federal programs bribery charges.

By doing so, she appears to relitigate her argument under *Snyder v. United States*, 603 U.S.

1 (2024), that she made earlier in this case. That is, she contends that the indictment is

"fatally flawed" because it fails to allege the essential elements of federal programs

bribery. (ECF No. 442 at 1.) That argument has been rejected twice-over: First by United

States Magistrate Judge David T. Schultz in his Report and Recommendation ("R&R")

(ECF No. 355), and then by this Court in its adoption of the R&R. (ECF No. 402 at 20 ("The Court concludes that, even post-*Snyder*, the indictment survives a motion to dismiss.").) The motion is denied.

### O.     ECF No. 443 – False Assurances

Bock moves to exclude evidence suggesting that she made "false assurances" to MDE. (ECF No. 443 at 3–4.) The substance of her motion, however, seems to be that the government is intentionally withholding discovery. (*Id*. at 2–3.) The Court is satisfied with the government's response: "More than two years ago, the government disclosed the existence of, and made available to all defendants, the data about which Bock now complains." (ECF No. 452 at 34.) The motion is denied.

### P.     ECF No. 444 – Possible Conflation of Defendants

Bock requests the Court preclude the government from "intentionally conflating the defendants, from equating Bock with Feeding Our Future, and from arguing that the actions of others are relevant to Bock's guilt or innocence." (ECF No. 444 at 1.) The government responds in two ways. First, it notes that, given the alleged conspiracy, "any acts committed or statements made in furtherance of the conspiracy are admissible as to all other members of the conspiracy." (ECF No. 452 at 35 (citing Fed. R. Evid. 801(d)(2)(E)).) Second, it contends that "the appropriate and more administrable approach" is to use a "Separate Crime" jury instruction to which the parties have agreed.

18

(*Id*. at 36; *see* ECF No. 419 at 181.) The Court denies the motion with leave to assert appropriate objections during trial.

### Q.    ECF No. 445 – Hadith Ahmed

Bock moves to preclude Hadith Yusuf Ahmed from testifying. Additionally, she argues that the government has "failed to produce material impeachment evidence." (ECF No. 445 at 1.) The Court sees no evidence that the government has withheld discovery. The remainder of Bock's argument goes to Ahmed's reliability as a witness. The motion is denied. Should the government call Ahmed as a witness, Bock is free to probe Ahmed's credibility through cross-examination.

### R.    ECF No. 446 – Administrative Process

Bock moves to preclude the government from introducing any evidence that Feeding Our Future's administrative process "was in any way deficient, inadequate, or otherwise noncompliant" with federal and state regulations. (ECF No. 446 at 1.) She contends that a July 2021 letter from MDE noted that Feeding Our Future's corrective action plan "fully and permanently" addressed MDE's concerns, which presumably cleared her from any wrongdoing. (*Id*. at 4.) The government responds that "MDE is not an arbiter of criminal liability." (ECF No. 452 at 39.) Bock is free to build a trial argument based upon the July 2021 MDE letter. But the Court will not exclude all other potentially

inculpatory evidence about Feeding Our Future's administrative processes based on that letter alone. The motion is denied.

### S.    ECF No. 447 – Expert Testimony on Food Preparation

Bock moves to preclude the government from offering "any undisclosed expert opinions" about food preparation and distribution. (ECF No. 447 at 1–2.) She argues that testimony about those topics "are matters of expert opinion and beyond the common experience of lay people." (*Id*. at 2.) The government disagrees and argues that Federal Rule of Evidence 701 allows lay witness testimony about "whether the number of meals defendants claimed were prepared in and/or served from the kitchens of small restaurants across the state . . . seem high given the timeframe." (ECF No. 452 at 40.) As noted above, lay opinion testimony is admissible if the witness has "perceptions based on industry experience." *Jain*, 779 F.3d at 758. The Court will reserve ruling on the issue until trial.

### T.    ECF No. 448 – Evidence of Personal Spending

Bock moves to preclude evidence "about any trips, expenses, or spending of others." (ECF No. 448 at 1.) Evidence of personal or lavish spending is admissible to show motive. *See United States v. Mitchell*, 31 F.3d 628, 631 (8th Cir. 1994). The motion is denied.

### III.    Motion for Reconsideration of Request for Continuance (ECF No. 437)

On January 10, 2025, Bock moved the Court to reconsider its December 27, 2024 Order denying her request for a 30-day continuance. (ECF No. 437.) Again, the Court

concludes that Bock has not exercised sufficient diligence to warrant a continuance. *See United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014) (affirming denial of motion to continue where defendant "had ten months to prepare for the trial"). That Bock has a large amount of discovery to review is not "a sudden exigency or unforeseen circumstance" warranting a continuance. *United States v. Robinson*, 662 F.3d 1028, 1032 (8th Cir. 2011). The motion is denied.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The government's Motions in Limine (ECF Nos. 410–418, 434) are GRANTED IN PART AND DENIED IN PART, and DEFERRED, as described herein;

2.  Defendant Salim Said's Motions for Joinder (ECF Nos. 458–466) are GRANTED IN PART AND DENIED IN PART, as discussed herein;

3.  Defendants' Motions in Limine (ECF Nos. 407, 423–433, 441–448) are GRANTED IN PART, DENIED IN PART, DENIED AS MOOT IN PART, and DEFERRED, as described herein; and

4.    Bock's Motion for Reconsideration (ECF No. 437) is DENIED.


Dated: January 24, 2025                    BY THE COURT:

                                           s/Nancy E. Brasel
                                           Nancy E. Brasel
                                           United States District Judge